THE PHŒNIX INSURANCE COMPANY

*v.*

ROBERT F. JOHNSTON.

*Filed at Ottawa October 31, 1892.*

1. INSURANCE—*forfeiture of policy by additional insurance—estoppel.* If notice be given to an insurance company, or its agent, of additional insurance on the property insured, or if actual knowledge is brought home to the company that other insurance exists or has been obtained, and no objection is made, the company will be estopped from insisting on a forfeiture because its consent was not indorsed on the policy.

2. SAME—*evidence tending to prove waiver of condition against a further insurance.* The general agent of an insurance company, which had given a policy on a dwelling house, the policy prohibiting the taking of a further insurance without consent indorsed thereon, on being informed that an additional insurance had been taken in another company, wrote in reply that his company could not consent to the second insurance without further information. The desired information was given, to which no reply was made, and the agent retained the policy without cancelling it, until after a loss: *Held,* that these facts tended to prove a waiver of the prohibition against a further insurance.

3. APPEAL—*reviewing the facts.* All matters relating to the character, force and effect of the testimony are settled by the judgment of the Appellate Court affirming the judgment of the trial court, and are not open to review in this court on appeal or error.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

Messrs. STEVENS & HORTON, and Mr. ELBERT H. GARY, for the appellant:

· The additional insurance without the written consent of the insurance company, *ipso facto* avoided the policy sued on. *Lackey* v. *Insurance Co.* 42 Ga. 456; *Turner* v. *Insurance Co.* 16 Fed. Rep. 454; *Insurance Co.* v. *Hullman,* 92 id. 145; *Insurance Co.* v. *Weary,* 4 Bradw. 74; *Holliday* v. *Insurance Co.* 31 Ill. App. 398.

Where a policy provides that a waiver of a condition therein can only be made by indorsement thereon, the local agent can not waive the condition except in the manner provided. *Hale* v. *Insurance Co.* 6 Gray, 169; *Worcester* v. *Insurance Co.* 11 Cush. 265.

Where other insurance is obtained in violation of the terms of the policy, there can be no recovery for a loss. *Insurance Co.* v. *Hullman,* 92 Ill. 125; *Insurance Co.* v. *Fix,* 53 id. 151; *Insurance Co.* v. *Klewer,* 129 id. 600.

Where a policy contains a provision against double insurance on the property insured, the clause is violated when the subsequent insurance covers a part, only, of the interest embraced in the policy. *Insurance Co.* v. *Walshe,* 18 Mo. 229; *Liscom* v. *Insurance Co.* 9 Metc. 205; *Murry* v. *Insurance Co.* 14 N. Y. 79; *Allen* v. *Insurance Co.* 30 La. Ann. 1386; *Insurance Co.* v. *Hayes,* 17 Ohio St. 432; *Insurance Co.* v. *Railroad Co.* 28 id. 69.

A waiver is created only when there is an agreement for a consideration to waive, or when one has acted in such a manner as to mislead another to his prejudice, so that the doctrine of estoppel applies. Wood on Fire Insurance, (2d ed.) 943; *Ripley* v. *Insurance Co.* 30 N. Y. 136; Ostrander on Fire Insurance, sec. 259.

As to a waiver on the ground of estoppel, it is only when a positive act is done with full knowledge of the facts that a waiver can be predicated thereon. No act done in ignorance of the facts can be construed as a waiver. *Greenfield* v. *In-*

*surance Co.* 47 N. Y. 430; *Allen* v. *Insurance Co.* 12 Vt. 366; *Woodbury* v. *Larned,* 5 Minn. 344; *Humphrey* v. *Harens,* 12 id. 314; *Morse* v. *Insurance Co.* 21 id. 407; *Pittsburgh* v. *Gazzam,* 32 Pa. St. 340; Ewell's Evans on Agency, 79, 82; *Manning* v. *Gashrie,* 27 Ind. 399.

Mere silence is not a waiver. *McManus* v. *Insurance Co.* 6 Allen, (N. B.) 314; *Ayres* v. *Insurance Co.* 17 Iowa, 176; *Diehl* v. *Insurance Co.* 59 Pa. 452; *How* v. *Insurance Co.* 80 N. Y. 32; *Mueller* v. *Insurance Co.* 87 Pa. 399; Wood on Insurance, (2d ed.) 743.

Messrs. JACK & TICHENOR, for the appellee:

The contract in this case is severable, and constitutes separate agreements to insure the different subjects therein noted, for the respective amounts therein specified. *Insurance Co.* v. *Spankneble,* 52 Ill. 53; *French* v. *Insurance Co.* 7 Hill, 122; *Insurance Co.* v. *Walsh,* 54 id. 164; *Deidricks* v. *Insurance Co.* 10 Johns. 233; *Merrill* v. *Insurance Co.* 73 N. Y. 52; *Schuster* v. *Insurance Co.* 102 id. 260; *Woodward* v. *Insurance Co.* 32 Hun, 365; *Insurance Co.* v. *Lawrence,* 4 Metc. 9; *Loehner* v. *Insurance Co.* 17 Mo. 247; *Koontz* v. *Insurance Co.* 42 id. 26; *Clark* v. *Insurance Co.* 6 Cush. 342; *Quarrier* v. *Insurance Co.* 10 W. Va. 507; *Allison* v. *Insurance Co.* 3 Dill. 480; *Perry* v. *Insurance Co.* 11 Fed. Rep. 478; *Goring* v. *Insurance Co.* 10 Ont. 236; *Date* v. *Insurance Co.* 14 U. C. (C. P.) 548.

The term "void," as used in the policy, is to be regarded as meaning that the insurer, in case of a breach of its conditions by the insured, may, at his exclusive option, treat it so, and not that the contract becomes an absolute nullity as to either party. *Insurance Co.* v. *Spiers,* 87 Ky. 285; *Baer* v. *Insurance Co.* 4 Bush, 242; *Hubbard* v. *Insurauce Co.* 33 Iowa, 325; *Velie* v. *Insurance Co.* 26 id. 9; *Peachner* v. *Insurance Co.* 65 N. Y. 195; *Insurance Co.* v. *Earle,* 33 Mich. 143; *Insurance Co* v. *French,* 30 Ohio St. 240; *Insurance Co.* v. *McDowell,* 50 Ill. 120; *Bouton* v. *Insurance Co.* 25 Conn. 542; *Smidt* v. *In-*

*surance Co.* 41 Ill. 295 ; *Insurance Co.* v. *Garland,* 108 id. 220 ; *Insurance Co.* v. *Klewer,* 129 id. 600.

Upon notice given to the company by the assured of that which constitutes a breach and forfeiture of the policy, the company is bound to elect whether or not to forfeit the policy, and to give notice of such election to the assured, otherwise the forfeiture will be considered as waived. *Insurance Co.* v. *Carey,* 83 Ill. 403 ; *Insurance Co.* v. *Hick,* 23 Ill. App. 387 ; *Anson* v. *Insurance Co.* 23 Iowa, 84 ; *Insurance Co.* v. *Earle,* 33 Mich. 343 ; *Gurnsey* v. *Insurance Co.* 17 Minn. 104 ; *Wakefield* v. *Insurance Co.* 50 Wis. 532 ; *Cannon* v. *Insurance Co.* 53 id. 585 ; *Allen* v. *Insurance Co.* 99 Mass. 161 ; *Insurance Co.* v. *Kettle,* 39 Wis. 51 ; *Insurance Co.* v. *Carngi,* 41 Ga. 660 ; *Martin* v. *Insurance Co.* 44 N. J. 273 ; *Insurance Co.* v. *Wells,* 89 Ill. 82 ; *Insurance Co.* v. *Pierce,* 74 id. 426.

Any acts of the insurer which reasonably indicate that he does not mean to insist upon a forfeiture will constitute a waiver. *Appleton* v. *Insurance Co.* 58 N. H. 541 ; *Heaton* v. *Insurance Co.* 7 R. I. 502 ; *Pittsburgh* v. *Insurance Co.* 118 Pa. St. 415 ; *Wininger* v. *Insurance Co.* 3. Hughes, 257 ; *Hollis* v. *Insurance Co.* 65 Iowa, 454 ; *Meyer* v. *Insurance Co.* 73 N. Y. 516 ; *Goit* v. *Insurance Co.* 25 Barb. 189 ; *Insurance Co.* v. *Anderson,* 77 Ill. 384 ; *Insurance Co.* v. *Gibson,* 52 Ga. 640.

Where it is provided that the policy shall become void on account of additional insurance unless the same shall be indorsed or otherwise waived in writing, and notice of the fact of other insurance has been given to the insured, it is the duty of the company to notify the insured of a refusal to approve, and if no such notice is given the policy remains in full force and effect. *Potter* v. *Insurance Co.* 5 Hill, 147 ; *Hadley* v. *Insurance Co.* 55 N. H. 110 ; *Horwitz* v. *Insurance Co.* 40 Mo. 557 ; *Insurance Co.* v. *Lyon,* 38 Texas, 253 ; *Pilbrook* v. *Insurance Co.* 37 Me. 137 ; *Insurance Co.* v. *Earle,* 33 Mich. 143 ; *Hamilton* v. *Insurance Co.* 94 Mo. 253 ; May on Insurance, sec. 371.

If notice of additional insurance be duly given to the company or its agents, and no objection is made, the company will be estopped from insisting on a forfeiture of the policy because its consent thereto was not indorsed as literally required by the contract. *Thompson* v. *Insurance Co.* 52 Mo. 469; *Hayward* v. *Insurance Co.* 53 id. 181; *Horwitz* v. *Insurance Co.* 40 id. 557; *Viel* v. *Insurance Co.* 26 Iowa, 9; *Walsh* v. *Insurance Co.* 30 id. 133; *Van Barries* v. *Insurance Co.* 8 Bush, 133; *Peck* v. *Insurance Co.* 22 Conn. 575; *Insurance Co.* v. *Crane,* 16 Md. 260.

Notwithstanding a provision in the policy that "the agent of this company has no authority to waive, modify or strike from this policy any of its printed conditions," it is held that the agent's actual knowledge of additional insurance is the knowledge of his principal, and may constitute a waiver of the requirement concerning written consent. *Insurance Co.* v. *Capehurst,* 108 Ind. 270; *Homthal* v. *Insurance Co.* 88 N. C. 71; *Whited* v. *Insurance Co.* 76 N. Y. 15; *Fishbeck* v. *Insurance Co.* 44 Cal. 422; *Shafer* v. *Insurance Co.* 53 Wis. 301; *Carson* v. *Insurance Co.* 43 N. J. 300; *Insurance Co.* v. *Luttrell,* 89 Ill. 314; *Insurance Co.* v. *Stanton,* 57 id. 354; *Insurance Co.* v. *Baninger,* 73 id. 230; *Insurauce Co.* v. *Steiger,* 124 id. 81.

If the company has knowledge that its own agent had effected additional insurance in another company, it is their duty to indorse or refuse consent, and if they do neither, they can not set up such additional insurance as a defense. *Horwitz* v. *Insurance Co.* 40 Mo. 557; *Pelkington* v. *Insurance Co.* 55 id. 172; *Insurance Co.* v. *Lyon,* 38 Tex. 253; *Durar* v. *Insurance Co.* 4 Zabr. 171; *Warner* v. *Insurance Co.* 14 Wis. 318.

A provision that a waiver of any condition in a policy, to be binding, must be endorsed upon it, may itself be waived by parol or by acts *in pais. Gans* v. *Insurance Co.* 43 Wis. 108; *Baile* v. *Insurance Co.* 73 Mo. 371; *Insurance Co.* v. *Young,* 58 Ala. 476; *Haight* v. *Insurance Co.* 92 N. Y. 51; *Whited* v. *Insurance Co.* 76 id. 415; *Insurance Co.* v. *McCrea,*

8 Lea, 513; *Carr* v. *Insurance Co.* 60 N. H. 513; *Insurance Co.* v. *Gusdorf,* 43 Md. 506; *Eliot* v. *Insurance Co.* 117 Pa. St. 548.

Cancellation of a policy can only be accomplished by due notice thereof to the assured, accompanied by a return of the unearned premium. *Geher* v. *Hagerman,* 26 Ill. 438; *Insurance Co.* v. *Botts,* 47 id. 516; *Insurance Co.* v. *Maguire,* 51 id. 342.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action of assumpsit on a policy of insurance, by appellee against appellant. The policy recites that for a consideration stated the company insures "Robert F. Johnson against loss or damage by fire or lightning to the amount of $8300, as follows: $4000 on two-story shingle and metal roof frame building, while occupied by assured as a dwelling No. 1, (including foundation, cellar or basement walls); $1500 on household furniture, (describing certain articles) while contained in dwelling No. 1; $500 on piano or organ and printed music while contained in dwelling No. 1; $1500 on metal roof frame barn No. L. (including foundation); $400 on hay in barn or barns or sheds; $400 on grain in granaries, or in barns, or in cribs, or in dwelling, or in stacks on cultivated land, not over $75 on any one stack." The insurance ran from December 28, 1887, to December 28, 1892. The dwelling house described in the policy was destroyed by fire on the 31st of March, 1890, and for that loss this suit was brought.

The policy contained, among others, the following conditions:

"If the assured shall have or hereafter accept any other insurance on the above mentioned property, whether valid or not, * * * without consent indorsed hereon, * * * then * * * this policy shall be null and void."

"No agent or employe of this company, or any other person or persons, have power or authority to waive or alter any of the terms or conditions of this policy, except only the general

agent at Chicago, Illinois, and any waiver or alteration by him must be in writing."

"The company reserve the right to cancel this policy, or any part thereof, by tendering to the assured the unearned premium, less any policy and survey fee that may be included in the consideration."

The company set up, by plea, a violation of said condition against having or taking other insurance, and this was the only defense relied upon at the trial. The plaintiff replied, first, that he did not violate said condition; and second, that the defendant had notice of the taking of other insurance and consented thereto, and then and there waived the said condition. The only issue of fact in the case is, as to whether or not there was a waiver of said condition against other insurance. The trial in the circuit court resulted in a verdict and judgment for the plaintiff for $5752.53, which being affirmed by the Appellate Court, this appeal is prosecuted.

The facts relied upon by the plaintiff below to establish a waiver of the condition against other insurance are as follows: About July 30, 1889, he took an additional policy for $2000 on said dwelling house in the Hartford Insurance Company. On that day the following letter was written to the general agent of appellant, at Chicago:

"PEORIA, ILL., *July 30, 1889.*
"*T. R. Burch, Esq.; General Agent.*

"DEAR SIR—We send you herewith policy No. 0263081, Robt. F. Johnston, and wish you to endorse permit for $2000 additional insurance on the dwelling house insured in said policy. We have written $2000 on the dwelling in Hartford Insurance Company. Please return policy to us when completed. Yours of 29th inst. received and noted. The secretary is absent, and we can not get policy for a few days, but the insurance is placed in another company.

"Yours truly,     ROSWELL BILLS & Co., *Agents.*"

There is no dispute as to the said T. R. Burch being the general agent of the company at Chicago. As such he replied to said letter as follows:

"CHICAGO, ILL., *Aug. 1, 1889.*

*"Messrs. Roswell Bills & Co., Peoria, Ill.*

"GENTLEMEN—We have your letter of the 30th ult., enclosing policy 0263081, Robert F. Johnston, requesting permission for $2000 additional insurance on the dwelling in the Hartford Insurance Company. We cannot permit this other insurance without further information. The dwelling, according to the assured's application, made in December, '87, was worth at that time only $6000, and we have never been advised of any alteration or improvement in it whatever, and as we are now carrying $4000 insurance on it we must be understood as positively declining to permit the other insurance of $2000 in the Hartford.

"Yours very truly, T. R. BURCH, *General Agent.*"

To this Roswell Bills & Co. answered:

"AGENCY AT PEORIA, *Aug. 3, 1889.*

*"T. R. Burch, Esq., General Agent.*

"DEAR SIR—We have yours of 1st inst., and note what you say of the permit for $2000 additional insurance on the dwelling of R. F. Johnston, under policy 0263081. When Mr. Johnston was in the office a few days ago he stated the dwelling had cost him over $9000, and it was not many years since it was built, and from our observation of the house and our knowledge of the man we would think $9000 not a high estimate on the property. Mr. Johnston has gone to Kansas, to be gone two weeks or more, and when he returns we will see him about it, and meantime we do not think the property over-insured at $6000.

"Yours truly, ROSWELL BILLS & Co., *Agents.*"

No reply was made to this letter, and on the 31st of the same month Bills & Co. again wrote:

8—143 ILL.

"*T. R. Burch, Esq., General Agent.*

"DEAR SIR—We enclose policies 0250817, issued to Elmer E. Johnston and by him assigned to Robt. F. Johnston, and now assignment is made by Robert F. Johnston to Wm. W. Johnston, he having purchased the property. Will you please consent to the assignment and send the policies to us? In relation to the policies of Robt. F. Johnston we sent you some time ago for consent to additional insurance, we saw Mr. Johnston about this time and stated what you said about the value of his dwelling as stated in application. He says he probably stated the value as you say, but did not expect to put any more insurance on it, but the fact is, he says the house cost him over $9000, with all the advantage of his own labor and low prices, and he considers the house worth fully $9000. Now, if all is satisfactory, please return policies and oblige.          Yours truly,

ROSWELL BILLS & Co., *Agents.*"

The only response made to this letter was the returning to the writers the policies mentioned in the first part of it, with the consent to the assignment requested, indorsed on them. No reply whatever was made as to the additional insurance, nor was the policy sued on returned. It appears from the evidence of the plaintiff, that after the letter of August 31, Mr. Bills, of the firm of Roswell Bills & Co., handed him an envelope, saying, "There are your policies—it is all right." He and Mr. Bills both seem to have supposed that the policy in suit was in the envelope, but neither of them made any examination as to its contents. As a matter of fact, the policy remained in the hands of the general agent, at Chicago, until after the fire. He testified that he "retained it because we had stated positively we would not consent to the additional insurance, and we expected an order to cancel either the policy, or notice that the additional insurance was canceled." Mr. Bills says "he said the policy had been mislaid,—one of

the clerks had mislaid it." As to the letter of August 31, he says "he said he didn't consider it made any difference. I think he said he didn't know the letter was in the office, or did not know the policy was there, and after hunting round they found the policy, and letter enclosed with it, in reference to the value of the house I had agreed to write about." He further states that the agent explained how the mislaying of these papers probably occurred. Whether the policy was retained through neglect, or for the purpose stated by the general agent, there is no claim on the part of the company that the assured was notified it was being held to be canceled.

It will be conceded that if the foregoing facts tend to prove a waiver of the said condition, the finding of the jury and judgment of affirmance by the Appellate Court conclusively settle that issue in favor of the appellee. It is said, however, that there is no dispute as to those facts, and that they do not, in law, establish a waiver. True, there is no controversy as to the probative facts relied upon to prove a waiver, but there is a most decided difference between the parties as to the proper inference to be drawn from these facts. Counsel for appellant insist that they show a positive and unqualified refusal on the part of the general agent of the company at Chicago to consent to the additional insurance, while it is contended on behalf of appellee, that, the whole correspondence being considered, together with the conduct of the agent in retaining the policy, there was no refusal, but rather the assured was led to believe that consent was or would be given. That the admitted facts are susceptible of the construction placed upon them by appellee seems clear. It is true, the agent in his first letter says, "we must be understood as positively declining to permit the other insurance of $2000 in the Hartford," but that statement is to be read in connection with that part of the same letter in which he says, "we can not permit the other insurance without further information." The letter also shows that the additional information desired was as to the value of the dwell-

ing insured. That information was furnished on the 3d of August, with a promise to further communicate with the agent on the subject, and the statement, "and in the meantime we do not think the property overinsured at $6000." Admitting that the writers of this letter were the agents of the assured and not of the insurance company, the letter clearly indicated to the company that the assured was acting upon the understanding that if satisfactory information was furnished as to value, consent would be given. Again, on August 31 the agent is told the house cost $9000, and consent is again asked, with the request, "if all satisfactory, please return policies and oblige." Suppose it be conceded that the agent did intend his first letter as a final and positive refusal to permit other insurance, was it fair dealing on his part, when twice informed that the other party did not so construe it, to remain silent, and keep the policy in his possession until after the loss?

What is here said is not intended as a discussion of the evidence, further than to show that it may properly be construed as tending to prove that when the proper agent of the insurer was informed that additional insurance had been taken, and the required consent asked, the conduct of that agent was such as was calculated to induce the insured to believe the consent was given, which being established, the judgment of the Appellate Court becomes conclusive of the fact. "All matters relating to the character, force and effect of the testimony are settled by the judgment of the Appellate Court, and are not open for review in this court." *Fitch* v. *Johnson*, 104 Ill. 111; *Alphin* v. *Working*, 132 id. 484, citing the above and other cases.

Accepting the foregoing fact as conclusively settled against appellant, the rule, "that where one party has, by his representations or conduct, induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he will not, in a court of justice, be permitted to avail himself of that advantage,"

applies. Remaining silent after the letter of August 31 was also conduct within the condemnation of that rule. Thus it was said in *Havens* v. *Home Ins. Co.* 111 Ind. 90 : "The tendency of the modern cases is to hold, that if notice be duly given to the company or its agent of additional insurance, or if actual knowledge is brought home that other insurance exists or has been obtained, and no objection is made, the company will be estopped from insisting on a forfeiture because its consent was not indorsed on the policy,"—citing Wood on Fire Insurance, secs. 382, 383; May on Insurance, secs. 369, 370. See, also, *Phœnix Ins. Co.* v. *Boyer*, 27 N. E. Rep. 628, and citing the above, with other cases to the same effect, especially *Phœnix Ins. Co.* v. *Spers*, 87 Ky. 285.

In this view of the law, the instructions given to the jury by the trial court were substantially correct. There was certainly no such error in them as can be said to have misled the jury to the injury of appellant.

In the argument filed in this court on behalf of the appellant a lengthy criticism is made upon the opinion of the Appellate Court, and counsel say it does "gross injustice to appellant,—there is not the slightest evidence in the record of a want of entire good faith and frankness in all the dealings of appellant with appellee and his property." If this assertion is true, then, unless negligence be treated as tantamount to want of good faith, the judgment below is unquestionably wrong; but, unfortunately for appellant, the finding of the jury and the judgment of the Appellate Court are against it on that issue.

*Judgment affirmed.*