THE PHENIX INSURANCE COMPANY

*v.*

WILLIAM A. GROVE.

*Opinion filed April 17, 1905.*

1. INSURANCE—*provision that waiver must be in writing may be waived.* A provision of a fire policy that there shall be no waiver of conditions or provisions of the policy unless such waiver is written upon or attached to the policy is a condition inserted for the benefit of the insurance company, and is itself subject to waiver.

2. SAME—*doctrine of waiver is the doctrine of estoppel in pais.* The doctrine of waiver by an insurance company of conditions of the policy inserted for its benefit is substantially the doctrine of estoppel *in pais,* and is based upon the ground that an insurance company, upon notice of a violation of the terms of the policy by the insured, is bound to make its objection at the time, and if it fails to do so is estopped to make it after loss.

3. SAME—*when provision of a policy will be deemed waived.* Failure of an insurance company to make objection or cancel a fire policy upon notice to the authorized agent of the company that the insured has violated a condition of the policy by taking insurance in other companies on the same property is a waiver of the condition, even though the policy requires waivers of conditions to be written upon or attached to the policy.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. GEO. W. THOMPSON, Judge, presiding.

ELTING & O'HARRA, for plaintiff in error.

NEECE & SON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The questions in this case are, first, whether an insurance company can be held to have waived a provision inserted in its policy for its benefit where by the terms of the policy the waiver must be written upon or attached to the policy and the alleged waiver is not in writing or written upon or attached to the policy; and second, whether the fact that the insurance company, through its authorized agent, is informed by the insured of conditions which would authorize the cancellation of the policy under such provision and makes no objection thereto and does not cancel the policy, is sufficient, in law, to amount to such waiver. These questions are raised by the pleadings.

The declaration filed by William A. Grove in the circuit court of McDonough county alleged that the Phenix Insurance Company of Brooklyn, New York, made and delivered to him its policy of insurance to the amount of $1625 on property described therein, with numerous provisions, among which was the following: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed

hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The policy provided that it should not be valid until countersigned by the duly authorized agent of the company, and it was countersigned and issued to the plaintiff on September 11, 1902, by H. A. Maxwell, agent of the defendant at Bardolph, Illinois. The declaration averred that the property insured was destroyed by fire on January 29, 1903, and that notice was given and proof of loss made.

The defendant filed three pleas, in each of which it set up the provision respecting other insurance above quoted, and alleged that on October 30, 1902, the plaintiff procured other insurance to the amount of $500 in another insurance company, covering, in whole or in part, the property insured by said policy, without any agreement endorsed on said policy or a waiver written upon or attached thereto. To each of these pleas the plaintiff filed three replications. In some of them it was alleged that from and after October 30, 1902, the defendant had knowledge and notice of the procuring of the other insurance by the plaintiff, and consented thereto, but not in writing. In others it was alleged that on October 31, 1902, the plaintiff verbally notified H. A. Maxwell, the agent of defendant at Bardolph, Illinois, and its agent for that purpose, that the plaintiff had procured and taken out the other insurance mentioned in the pleas, and that the defendant made no objection to the additional insurance and did not cancel its policy. The defendant demurred gener-

ally and specially to the replications, and, the demurrer being overruled, elected to stand by it. Thereupon the court assessed the plaintiff's damages at $1685.93, and rendered judgment for that amount and costs. The Appellate Court for the Third District affirmed the judgment, and the writ of error in this case was sued out to review the judgment of the Appellate Court.

The question whether there can be a waiver, not in writing, of a condition contained in a policy providing there shall be no waiver unless it is written upon or attached to the policy, arises on the demurrer to the second replication to each of the pleas. This question was decided in the affirmative in *Phœnix Ins. Co.* v. *Johnston,* 143 Ill. 106, *Phenix Ins. Co.* v. *Hart,* 149 id. 513, *Dwelling House Ins. Co.* v. *Dowdall,* 159 id. 179, *Phenix Ins. Co.* v. *Caldwell,* 187 id. 73, and *Orient Ins. Co.* v. *McKnight* 197 id. 190. In those cases it was held that the stipulation in the policy that a waiver must be by an endorsement thereon was inserted for the benefit of the company, and, like any other condition of the policy for its benefit, might be waived by it. It is a just and reasonable rule that one who is authorized to waive a condition or provision of a policy by writing may also waive the writing. A provision that nothing less than an express agreement to be endorsed on the policy shall be effectual as a waiver is itself a condition, and is as capable of being waived and dispensed with as any other condition of the policy. 16 Am. & Eng. Ency. of Law, (2d ed.) 935.

The second question, whether information to the insurance company of the additional insurance in another company and a failure to object or cancel the policy is sufficient, if proved, to amount, in law, to a waiver, is raised by the demurrer to replications alleging such facts. The doctrine of waiver, as applied to such a case as this, is that of estoppel *in pais.* There is no substantial distinction between the two, and the terms are used interchangeably, a waiver being only another name for an estoppel. (*Dwelling House Ins.*

*Co.* v. *Dowdall, supra;* Am. & Eng. Ency. of Law, *supra.*)
Neither an express agreement to waive the condition nor an
express consideration for the waiver is required. Notice to
an agent within the scope of his agency is notice to the com-
pany, and upon receiving such notice the company can, if it
elects, forfeit and cancel its policy and return the unearned
premium, so that the insured may provide himself with other
insurance. If the company retains the premium and does
not elect to cancel the policy, it will be held to have waived
the condition and to be liable under the policy. (*Phenix Ins.
Co.* v. *Hart, supra.*) The waiver or estoppel rests upon the
rule that in such a case the insurance company is bound to
make its objection if it has any, and if it fails to do so it
will be estopped to make it when a loss occurs. Maxwell
was the agent who countersigned and issued the policy, and
under the pleadings notice to him was notice to the company.
The question whether an insurance company will be estop-
ped or held to have waived a condition where there is no
agreement on the part of the agent to waive it, but the com-
pany and its agent merely remain silent after being informed
of the facts, was decided in *Phœnix Ins. Co.* v. *Johnston,
supra,* where the rule was applied "that where one party has,
by his representations or conduct, induced the other party
to a transaction to give him an advantage which it would
be against equity and good conscience for him to assert, he
will not, in a court of justice, be permitted to avail himself
of that advantage." It was held that remaining silent after
information of additional insurance had been given was con-
duct within the condemnation of that rule.

    The court did not err in overruling the demurrer to the
replications, and the judgment of the Appellate Court affirm-
ing the judgment was correct.

    The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*