## H. C. Williams, Appellee, v. American Insurance Company, Appellant.

### Gen. No. 6,120.

1. INSURANCE, § 668*—*when evidence sufficient to sustain finding that horse was killed by lightning.* In an action to recover for the loss of a horse under a policy of insurance insuring plaintiff against loss as to his farm horses by reason of lightning, where the horse was alleged to have been struck by lightning while running in a pasture and so damaged that plaintiff was compelled to kill it, and where the evidence tending to prove that the horse was injured by lightning was circumstantial, evidence *held* to warrant the jury in finding that the injury was the result of lightning, such injuries being usually, if not necessarily, proven by circumstantial evidence.

2. INSURANCE, § 342*—*when stipulations in policy requiring written waiver of proofs of loss as prerequisite to action may be waived.* Stipulations in an insurance policy making it a prerequisite to a recovery thereon that insured shall furnish proofs of loss as required in such policy may be waived by insurer, and such waiver need not be in writing although such policy provides that such condition shall not be waived unless the waiver be in writing, such condition being one which may be waived like other conditions in the policy.

3. INSURANCE, § 321*—*when stipulation in policy requiring proofs of loss as prerequisite to action waived.* In an action to recover for the loss of a horse under a policy of insurance insuring plaintiff against loss as to his farm horses by reason of lightning, where the horse was alleged to have been struck by lightning while running in a pasture and so damaged that plaintiff was compelled to kill it, a provision in the policy requiring plaintiff as a prerequisite to recovery thereunder within sixty days of a loss under the policy to furnish to insurer proofs of such loss, *held* waived where it appeared that shortly after the accident an agent of insurer called on plaintiff to adjust the loss and filled out a form of proof of loss which plaintiff executed, and in which he incorrectly stated that the horse "was struck by lightning," it also appearing by uncon-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tradicted evidence that such agent took the paper away with him after being informed by plaintiff of the actual fact as to the cause of the death of the horse, such information being given either before signing such proof of loss or so immediately thereafter as to be part of the same transaction.

4. INSURANCE, § 472*—*when failure of insured to demand arbitration of amount of loss not condition precedent to maintenance of action.* In an action to recover on a policy of insurance which provided that in case of difference arising in case of loss or damage such difference should be arbitrated, but that such arbitration should be binding "as to the amount of loss only," where insurer did not demand an arbitration, and where there was no controversy as to the amount of loss, the failure of insured to make such demand *held* immaterial, such arbitration being not made by the policy a condition precedent to the right of recovery thereunder.

5. EVIDENCE, § 399*—*when expert may not state ultimate fact.* An expert witness must not take the place of the jury and declare his belief as to the ultimate fact to be determined by them.

6. EVIDENCE, § 399*—*what facts witness may not express opinion upon.* A witness cannot give his opinion upon the fact which the jury are to determine.

7. APPEAL AND ERROR, § 1492*—*when exclusion of expert testimony not substantial error as unduly restricting rights thereto.* In an action to recover for the loss of a horse under a policy of insurance insuring plaintiff against loss as to his farm horses by reason of lightning, where the horse was alleged to have been struck by lightning while running in a pasture, the horse's leg being broken and it being so damaged that plaintiff was compelled to kill it, the exclusion of the testimony of an insurance adjuster and two veterinary surgeons offered as expert witnesses by defendant as to whether such horse was struck by lightning, *held* not substantial error as unduly restricting defendant in the introduction of expert testimony where it appeared that such witnesses were permitted to testify as to the effect of a stroke of lightning on an animal, and that such a stroke would not be likely to break a bone without killing the animal, as well as to other facts supposedly within the special knowledge of such witnesses.

8. EVIDENCE, § 399*—*what matters expert witnesses may not state conclusions in.* Expert witnesses are not permitted to state their conclusions in matters of common observation in which the lay mind is capable of forming a correct conclusion.

9. EVIDENCE, § 399*—*when veterinary surgeon may not express opinion as to how horse broke leg.* There is nothing in the education of a veterinary surgeon which would enable him, as an expert

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

witness, to enlighten the lay minds of the jury on the question as to how a horse might get his leg broken while running in a pasture.

10. INSURANCE, § 397a*—*when insurer liable for loss of horse killed by owner because disabled by lightning.* In an action to recover for the loss of a horse under a policy of insurance insuring plaintiff against loss as to his farm horses as a result of lightning, where the horse was alleged to have been struck by lightning while running in a pasture, so damaging the horse that plaintiff was compelled to kill it, it is immaterial whether the horse was killed by the lightning or by plaintiff as a result of being injured by the lightning, since the recovery is based on the injury and not on the killing.

11. INSURANCE, § 669*—*what evidence sufficient to establish lack of value of horse after injury by lightning.* In an action to recover for the loss of a large farm gelding used as a draft horse, under a policy insuring plaintiff against loss as to his farm horses by lightning, where the horse was alleged to have been struck by lightning while running in a pasture and so damaged that plaintiff was compelled to kill it, only slight evidence will be required to prove that the horse was of no value after the injury where there is direct evidence that it was worth but $125 before such injury.

12. INSURANCE, § 447*—*when incorrect statement in proof of loss of horse by lightning does not bar recovery.* In an action to recover for the loss of a horse under a policy of insurance insuring plaintiff against loss as to his farm horses as a result of lightning, where the horse was alleged to have been struck by lightning while running in a pasture and so damaged that plaintiff had to kill it, and where the policy provided that attempted fraud or false swearing by plaintiff, either in the proof of loss or otherwise, should forfeit all claim under the policy, a written statement sworn to by plaintiff and intended as a proof of loss, wherein plaintiff incorrectly stated that the horse "was killed by lightning," *held* not available to defendant as a bar to recovery where it appeared by uncontradicted evidence that the statement in question was prepared by defendant's agent and taken away by him with full knowledge that such statement was not strictly true, plaintiff having so informed such agent either before signing or so immediately thereafter as to be part of the same transaction, it thereby appearing that plaintiff had no intention of deceiving defendant.

13. INSURANCE, § 694*—*when instruction as to proofs of loss not substantially harmful in ignoring issues.* In an action to recover for the loss of a horse on a policy of insurance insuring plaintiff against loss as to his farm horses as a result of lightning, which action involved the question of defendant's waiver of a provision in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such policy requiring proofs of loss to be furnished as a prerequisite to a recovery, and the further question of plaintiff's alleged fraudulent misstatements in a paper intended to be a proof of loss in compliance with the requirements of the policy, an instruction that as a prerequisite to a recovery in the action the jury must find that plaintiff complied with the conditions of the policy, *held* not substantially harmful to defendant in that it ignored the question of waiver and fraud or in that it told the jury without qualification that plaintiff could recover regardless of waiver, since if such instruction was so construable the evidence was clear that there was a waiver of such proof of loss.

14.  INSURANCE, § 639*—*when evidence of agent admissible without proving authority.*  In an action to recover on an insurance policy, evidence of the statement of an agent made to plaintiff that insurer would not pay the loss is competent without proof of the authority of such agent to speak for the company, where it appears that the policy sued on was negotiated by such agent and was by him delivered to plaintiff, in which case such agent must be held to have authority to communicate to plaintiff the fact that insured would not voluntarily pay the loss.

Appeal from the Circuit Court of Mercer county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

SEARLE & MARSHALL, for appellant.

GRAHAM & CARLSTROM, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

H. C. Williams, the appellee, held a policy issued by the American Insurance Company, the appellant, insuring him among other things "against all such immediate loss or damage as may occur by lightning" to horses owned by him. One Seaton, an agent of appellant, took the application and delivered the policy. On the night of October 4, 1913, there was a severe thunder storm and the next morning a large work horse belonging to appellee was found in his forty-acre pasture field with its hind leg broken just above the hock. The bone seemed to be splintered and a small sliver stuck through the flesh on the inside of the leg. There

were dark streaks on the leg that looked as though it had been burned. The hind parts of the horse seemed to be paralyzed and he could not get up. There was a hole in the ground ten or twelve inches deep, and a foot or more in diameter that seemed to have been recently made by some explosive force and indications that the horse had fallen near that hole and dragged itself a few yards down an incline to the place where he was found. He had been seen in the pasture the evening before in good condition, and there were no other marks upon the horse or the ground, and no other circumstances tending to show the cause of the injury. Several persons were called by appellee to see the horse, and then concluding that the injuries rendered him valueless, he was killed. Appellant was in some way notified of the occurrence and within a few days its agent, Hubble, appeared to adjust the loss. He filled out a proof of loss which included the statement that the horse "was killed by lightning," and appellee signed and swore to the statement; but when that statement was made appellee told the agent Hubble that the horse was not killed but that his leg was broken and they shot him. Appellee says he told him this before signing the paper, and Hubble says he told it after signing the paper, but they agreed that it was a part of the same transaction in which the paper was signed. Hubble left, taking the paper with him, and afterwards the agent, Seaton, told appellee that the company would not pay the loss. Whereupon this suit was begun before a justice of the peace, where appellee had judgment for $125. It was tried on appeal in the Circuit Court and there appellee had a verdict and judgment for $125. The insurance company brings the case here for review and argues that the proof does not sustain the necessary finding included in the verdict that the immediate loss or damage occurred by lightning; that the evidence was circumstantial and that under the law the burden was on appellee to prove

that the horse was struck by lightning and so injured that it was necessary to kill him, and that if the injury was occasioned in any other manner or could be accounted for under the evidence in any manner other than being caused by lightning on the night in question, then the plaintiff could not recover. The court at appellant's instance so instructed the jury, and we are of the opinion, even assuming that to be the law applicable to circumstantial evidence, that the facts as above stated warranted the jury in finding that the injury was caused by lightning. Injuries of this kind must usually, if not always, be proven by circumstantial evidence.

Appellant argues that recovery was precluded by failure of appellee to furnish proofs of loss, as required by the terms of the policy. That such requirement may be waived by the insurance company has long been settled law in this State, and it may be waived, not in writing, notwithstanding the policy contains the provision that it shall not be waived unless in writing. The stipulation in a policy that there shall be no waiver unless in writing is itself a condition that can be waived like other stipulations in the policy. *Phenix Ins. Co. v. Grove,* 215 Ill. 299, and authorities there cited. We entertain no doubt that under the facts above stated proof of loss was waived by appellant. It is argued that appellee cannot maintain this action because there was a provision in the policy that in case of difference arising in case of loss or damage such difference should be submitted to arbitration, which arbitration should be binding "as to the amount of loss only." There is no controversy about the amount of loss. The evidence is uncontradicted that the market value of the horse was $125. No arbitration was demanded by appellant, and we are of the opinion that the failure of appellee to demand an arbitration is not material under the facts of this case. (*Birmingham Fire Ins. Co. v. Pulver,* 126 Ill. 329.)

Defendant offered the testimony of its agent, Hubble, an experienced adjuster of such claim, and two veterinary surgeons to enlighten the jury to the effect of a stroke of lightning upon an animal. Several questions were asked these witnesses, calling for their opinion whether the horse in question was struck by lightning. The court properly sustained objections to these questions. "An expert must not take the place of a jury and declare his belief as to the ultimate fact." *Keefe v. Armour & Co.*, 258 Ill. 28, and authorities there cited. "The rule is, that a witness cannot be permitted to give his opinion on the very fact which the jury is to determine." *Schlauder v. Chicago & S. Traction Co.*, 253 Ill. 154. The witnesses were permitted to testify to the effect on an animal of a stroke of lightning, and that it was unlikely that it would break a bone without killing the animal, and various other facts that might be supposed to be within their special knowledge. We find no substantial error of the court in excluding expert testimony offered by appellant. The court seems to have kept within the rule indicated in *Illinois Cent. R. Co. v. Smith*, 208 Ill. 608. Experts are not permitted to state their conclusions in matters of common observation in which the lay mind is capable of forming a correct judgment. Some of these witnesses in this case were asked, in substance, to express an opinion how a horse might have got his leg broken running in a pasture, and the court sustained objections to those questions. It is not clear how the education of a veterinary would enable him to enlighten the lay mind on that subject. But be that as it may, we are satisfied that appellant was not unduly restricted in the introduction of expert testimony.

Appellant places much stress on the fact that the horse was not killed by lightning, but was killed by appellee. We see no force in this contention. The recovery is based not on the killing but on the injury. There is direct testimony that the animal was ren-

dered valueless by the broken leg, and slight testimony should suffice to support the proposition that a big farm gelding only worth $125 before his leg is broken is of no value after his leg is broken.

There is a clause in the policy providing that any attempted fraud or false swearing on the part of the assured in the proof of loss, or otherwise, shall forfeit his claim, and appellant urges that the sworn statement of appellee that the horse was killed by lightning precludes his recovery. There is no merit in this contention. The record shows that as a part of the same transaction the paper in question was prepared by appellant's agent and signed by appellee, and taken by appellant's agent and carried away with full knowledge that the statement that he had asked appellee to sign was not strictly true. This is uncontradicted, and it is very apparent that appellee did not wish to mislead the company but was only desiring to sign such a statement as it required as a condition precedent to paying the loss. Appellant cannot under these facts set up this written statement as a bar to recovery.

It is said that the court ignored this question of fraud and waiver in giving an instruction for the plaintiff; but the jury in the instruction complained of were told they must find that the plaintiff after the injury complied with the conditions of his policy of insurance requisite to his recovery for such loss. We do not think this instruction should be construed as telling the jury without qualification that the plaintiff was entitled to recover regardless of the question of waiver, and if it should be so construed the evidence is so clear on the question of waiver that no substantial harm could have resulted to appellant.

It is also objected that the court erred in permitting evidence of the statement of appellant's agent, Seaton, before referred to, that the company would not pay the loss, on the ground that there was no proof that Seaton was authorized to speak for the company. He had

acted for the company in soliciting the insurance contract, and had, as the company's agent, delivered the policy to appellee, and we think he may well be held to possess the authority to communicate to appellee what certainly was the fact that the company would not voluntarily pay the loss. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*