Stahly Cartage Co., a Delaware Corporation with Principal Offices in Edwardsville, Illinois, Plaintiff-Appellant, v. Universal Mutual Casualty Company, a Mutual Insurance Corporation, Defendant-Appellee.

Term No. 56–F–7.

Fourth District.
October 30, 1956.
Released for publication October 30, 1956.

Mudge and Mudge, of Edwardsville, for plaintiff-appellant.

James L. Reed, and James H. Parsons, Jr., both of Edwardsville, for defendant-appellee.

JUSTICE BARDENS delivered the opinion of the court.

Plaintiff filed an action at law for recovery of a fire loss to a tractor under a policy issued by the defendant. The trial resulted in a verdict and judgment in plaintiff's favor for $3,500 but, upon motion of the defendant, the court granted judgment notwithstanding the verdict in its favor.

Plaintiff, a contract carrier of petroleum products in bulk, owned a large fleet of trucks and tractors all of which were insured by defendant against loss by fire, theft, and wind. Some of the units were at various times sold by plaintiff on conditional sale to its senior drivers and leased back to the plaintiff. On these units plaintiff carried collision insurance as well as other coverage. Plaintiff and one Lewis W. Jones, an agent of the defendant company, both testified that prior to the issuance of any policy by the defendant the plaintiff explained to the agent that those units upon which collision coverage was carried were the units which had been sold under the conditional sales contract to the senior drivers, and Jones testified that he conveyed this information to the company. A previous policy had been issued in November 1951, for a period of one year and the particular tractor in question had been listed in that policy, but without collision coverage. In February of 1952 the company was notified that plaintiff desired collision coverage on this particular tractor and the amount of insurance on this tractor was increased and the collision coverage added by endorsement to the policy. When the policy came up for renewal in November of 1952 this tractor was then carried under a group all of which carried collision insurance. The policy sued upon is the policy which runs from November 1952 to November 1953. It lists over 90 units and divides them into groups. Groups one and four carried no collision insurance. Groups two and three all carried five hundred dollars deductible collision insurance. The tractor in question

was listed under group three. The form of the policy was designated as an automobile policy and in the place for description of the property insured reference was made to the schedule attached. Certain provisions of the policy were listed under the general heading of "Exclusions." Paragraph "H" of this group states that the policy does not apply to coverages "D," "E," "F," "G," "H," "I," and "J" while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy. Coverage "D" was the fire coverage. The tractor involved in this law suit was destroyed by fire during the policy term and it is conceded that it had been sold to a driver under a conditional sales contract in January of 1952 at the time that the endorsement was made on the previous policy adding collision coverage. Defendant disclaimed coverage, relying on the exclusion clause. Plaintiff maintains, on the other hand, that defendant waived the exclusion clause provision because it had knowledge of the sale and lease back arrangement prior to the issuance of the policy in question.

The trial court order granting defendant's motion for judgment notwithstanding the verdict recited:

"There is not sufficient competent evidence in the record to sustain the verdict of the jury," and "the admission of parole evidence for the purpose of showing that the parties intended to insure property excluded by the exclusions clause of the policy was reversible error."

Questions relating to error committed by the lower court are argued on this appeal. Since no motion for new trial was filed, the only pertinent inquiry now is to determine whether there was sufficient evidence to sustain the verdict.

It appears from the evidence that the tractor in question was sold by plaintiff to one of its drivers by

a conditional sale contract under which the driver is obligated to pay the plaintiff the full purchase price. No evidence was sought to be introduced to the effect that plaintiff cannot or will not receive the full price of this unit.

██ Under Illinois authorities no distinction is made between waiver or estoppel when applied to insurance cases. It is necessary for the one claiming waiver or estoppel to prove either fraud or injury. The Phenix Insurance Co. v. Grove, 215 Ill. 299; Durbin for Use of Ferdman v. Lord, 329 Ill. App. 333.

██ In this case the evidence fails to show that plaintiff is injured by the assertion of the exclusion clause on behalf of defendant. Therefore proof of injury or fraud is lacking. The judgment of the trial court notwithstanding the verdict was correct.

Judgment affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.