WAKEFIELD and others vs. THE ORIENT INSURANCE COMPANY OF HARTFORD.

*November 30 — December 17, 1880.*

INSURANCE AGAINST FIRE. *(1) Rule for construing continuing warranties. (2, 3) Rule applied: Forfeiture by reason of premises becoming vacant.*

1. A continuing warranty in a policy of insurance, the breach of which (whether injurious to the insurer or not) avoids the policy, being in the nature of a forfeiture, must be construed as strongly against the insurer, and as favorably for the insured, as its terms will reasonably permit.

2. A fire insurance policy declares that if the premises shall become vacant "without immediate notice to the company and indorsement made on the policy," the contract of insurance shall become void. It then provides that the insurance "may also be terminated at any time at the option of the company, by giving a written notice to that effect to the insured," and that "in such case the assured shall be entitled to claim a ratable proportion of the premium," etc. *Held,*

   (1) That the *indorsement* here mentioned cannot be construed to be an indorsement of the *consent* of the company to a continuance of the insurance during such vacancy, but merely of the *fact* that notice of the vacancy has been given.

   (2) That where such a notice has been promptly given, if the company would relieve itself from further liability on the policy, it must notify the insured of its option to do so, and return the unearned part of the premium.

3. The want of such notice from the insurer to the assured is not waived or cured by knowledge on the part of the assured that the insurer's agents had general instructions not to carry policies in such cases.

APPEAL from the Circuit Court for *Winnebago* County.

Action on a policy of insurance against fire. Defendant appealed from a judgment in favor of the plaintiffs. The case is sufficiently stated in the opinion.

*J. W. Lusk,* for the appellant.

For the respondents there was a brief by *Finch & Barber,* and oral argument by *Mr. Barber.*

TAYLOR, J. This is an action to recover upon a policy of insurance upon a dwelling-house. At the time of the fire the dwelling-house insured was vacant and unoccupied, and had been so for two months. The evidence shows that at the time of the fire the policy was, and had been for a year or more, in the possession of the agents of the company, kept by them for the use and benefit of the owners thereof; and that amongst other conditions in the policy were the following: " If the premises insured shall at any time during the life of this policy become vacant, by the removal of the owner or occupant, without immediate notice to this company and indorsement made on the policy, this insurance shall be void and of no effect. This insurance may also be terminated at any time, at the option of the company, by giving a written notice to that effect to the insured. In such case the assured shall be entitled to claim a ratable proportion of the premium for the unexpired term for which the policy was to run."

The evidence showed that at the time the insured premises became vacant, the insured notified the company's agents of that fact; that no indorsement of any kind was made on the policy after such notice and before the loss; and that no written notice was given by the company or its agents to the insured that the insurance was terminated, or that the company considered the policy void on account of such vacancy. Whether the agents of the company notified the assured orally that the policy was void, or that they should consider it void on account of such vacancy, absolutely or during the time of the vacancy, was a disputed question, and was submitted to the jury as a question of fact upon the whole evidence. The real point of difference between the parties is as to the construction of the conditions of the policy above cited. The learned counsel for the appellant insists that the true construction of the condition first above quoted is, that the policy is void " if the premises become vacant during its life, and the insured does not give immediate notice of such vacancy, and procure the consent of

the company, either indorsed upon the policy or otherwise, that the policy shall remain valid notwithstanding such vacancy." He treats the condition as rendering the policy void by reason of the fact that a vacancy of the premises has occurred; and if the insured desires to continue the policy notwithstanding the vacancy, he must give immediate notice and get the company's consent to such vacancy.

The learned counsel for the respondent contends that the true construction is, that a vacancy does not of itself avoid the policy, but that two things must concur to avoid it, viz., a vacancy, and a failure on the part of the insured to give immediate notice to the company of the fact that the premises are vacant; that when the assured has done this, he has done all that he can do under the condition; and that it then becomes the duty of the company either to declare the policy terminated, under the second condition above quoted, or to make such other indorsement upon the policy as may be agreed upon by the parties. And this latter construction is the one adopted by the learned circuit judge before whom the action was tried. He instructed the jury upon this question as follows: "There is no dispute but that the house was vacant; there is no dispute but that the agents of the company had notice from *Mr. Wakefield* that the house was vacant. *Mr. Wakefield* having given that notice, it was at the option of the company whether they would continue to carry the insurance on that house during the vacancy, or the want of occupation, or not. They had the right to refuse to carry that insurance during that want of occupancy; but if they wished to repudiate it or cancel it, and not be responsible upon it, they must give notice according to the contract, in writing, of their refusal to do so. I said that, in order to avoid liability after being notified that the house was vacant, they must give the insured notice that they will not be responsible upon that policy in consequence of that being so. The notice by the contract was required to be given in writing." This instruc-

tion was duly excepted to by the appellant, and it is insisted that it was clearly erroneous. The learned circuit judge afterwards instructed the jury that, "although the contract required the company to give notice in writing, yet, if a parol notice was given by the company or its agents, that they refused to carry the insurance during the want of occupancy, and the insured did not insist on having a written notice, he waived his right to such written notice, and the plaintiff could not recover."

After a careful examination of the evidence as presented by the record, we cannot say that it does not support the verdict if the instructions of the learned circuit judge are correct. It is insisted by the learned counsel for the appellant, that, because the insured admitted on the trial that the agents for the company had informed him " that they were notified not to carry insurance on vacant buildings," they could not, if they were so disposed, continue the policy after the insured buildings became vacant. It is possible that this might be so if, under the conditions of the policy, it became void by the mere fact that the buildings were vacant or unoccupied. But it is unnecessary to decide this question if the construction given to the policy by the learned circuit judge is correct. If that construction is correct, then the policy does not become void on the happening of non-occupation and immediate notice thereof, but upon notice given by the company to the insured that it terminates the risk on account of such non-occupation. The want of such notice is not waived by knowledge on the part of the insured that the agents were instructed generally not to carry policies in such cases. If the policy required a notice to be given to the assured, an instruction by the company to its agents to give such notice in every case which occurred, cannot be set up as a reason for not giving a notice in any case. We think the case must turn upon the correctness of the instructions given to the jury by the learned circuit judge, and if they are correct then the judgment must be

affirmed; otherwise it must be reversed. We are inclined to hold that the construction given to the policy by the learned circuit judge is the true construction; that such construction is dictated by justice and fair dealing, and is not inconsistent with the language used by the company.

Keeping in view the rule of law, well established by the decisions of this and all other courts, that a continuing warranty in a policy of insurance, the breach of which avoids the policy irrespective of the question whether any damage or injury is sustained by the company by reason of such breach, is 'in the nature of a forfeiture, and must therefore be construed most strongly against the insurer, and most favorably to the insured (see *Lawe v. Hyde*, 39 Wis., 345; *Lyman v. Babcock*, 40 id., 503; *Morse v. Ins. Co.*, 30 Wis., 534, 540; *Appleton Iron Co. v. B. A. Ass. Co.*, 46 Wis., 23, 32; *Ins. Cos. v. Wright*, 1 Wall., 468; *Western Ins. Co. v. Cropper*, 32 Pa. St., 351; *Hoffman v. Ins. Co.*, 32 N. Y., 414; *Clinton v. Ins. Co.*, 45 N. Y., 454, 464; *Livingston v. Stickles*, 7 Hill, 255; *Catlin v. Springfield Ins. Co.*, 1 Sum., 434; *Breasted v. Farmers' Loan & Trust Co.*, 4 Seld., 305; *Yeaton v. Fry*, 3 Cranch, 341; *Nat. Bank v. Ins. Co.*, 5 Otto (U. S.), 678; *Smith v. Ins. Co.*, 32 N. Y., 399; *Boon v. Ætna Ins. Co.*, 40 Conn., 586; *Schunck v. The G. W. & W. F.*, 44 Wis., 369), we think the construction given by the learned circuit judge to this condition is neither unreasonable nor forced. This construction does no injustice to the company. If, after having notice of the non-occupancy, the company does not desire to continue the risk, there is no hardship in requiring it to give notice to the insured that it elects to determine the risk and return to the insured a just portion of the unearned premium. The other construction avoids the policy for non-occupancy, with or without notice, and forfeits the unearned premium for the benefit of the company. And in a case like the present, where the premium is paid for three years, if a vacancy should occur within a month of the date

of the policy, the company would be permitted to retain the premium paid for a three-year risk, without carrying the risk but a single month. There would be some justice in enforcing a forfeiture of this kind if such forfeiture depended upon an act to be done or not to be done by the party insured. In such case the wrongful act, or neglect to act, would be the fault of the insured; but in a case like the present the non-occupancy of the insured premises is usually without any fault of the insured, and sometimes unavoidable. If the insurer seeks to avoid a policy, and retain a premium without earning the same, and without the fault of the insured, he ought to be able to show that such forfeiture is clearly stipulated for in the contract. He is in no position to invoke a liberal construction of the contract in his favor to bring about such a result.

Had the words " and indorsement made on the policy " been omitted from the condition, so that it would have read, " If the premises insured shall at any time during the life of this policy become vacated by the removal of the owner or occupant without immediate notice to this company, this insurance shall be void," there could be no doubt that the construction given to it by the learned circuit judge would have been its only rational interpretation. If we leave the words in, " and indorsement made on the policy," still the literal and grammatical construction would have been the same, and the indorsement spoken of would have been complied with by indorsing on the policy the fact that such notice had been given. Suppose, in this case, upon receiving notice of non-occupancy, the agents of the company had indorsed on the policy the fact that on that day they had received notice of such non-occupancy, and made no further statement, either to the insured or on the policy: it is quite clear to us that the company could not have claimed that the policy was avoided by such non-occupancy; the condition of the policy would have been literally complied with, and the risk would have continued until such time as

the company or its agents had given notice that it was terminated under the second condition above quoted.

It is insisted by the learned counsel for the appellants, that such construction is unjust to the insurer, and clearly contrary to the meaning of the condition; that the words "and indorsement made on the policy" mean that the insured must procure the consent of the company to be indorsed upon the policy that the risk shall continue notwithstanding such vacancy, otherwise the policy is void. We do not think the rules of law require or even permit such construction, when it will work the forfeiture of the unearned premium; and the other construction saves to the company all its just rights without unnecessarily prejudicing the equal rights of the insured. We think there is evidence on the face of the policy itself that such was not the intention of the company; or, if it was their intention, they have failed to express it. In five instances in this policy, where it is agreed that the consent or agreement of the company shall be obtained in order to continue the risk after the happening of certain things specified, it is expressly stated that such agreement or assent of the company shall be obtained. Two of these instances occur immediately before, and three after, the condition which is to be construed in this case. The first is as follows: "This company shall not be liable for loss or damage by fire to or in any manufacturing establishment running in whole or in part over or extra time, or nights, nor if it shall cease to be operated, *unless by special agreement indorsed on this policy.*" *Second.* "The generating or evaporating within the building, or contiguous thereto, of any substance for a burning gas, or the use of gasoline for lighting, is prohibited under this policy, *unless permitted in writing hereon.*" *Third.* This condition prohibits all further insurance "*not consented to by this company in writing, and mentioned in or indorsed on this policy.*" *Fourth.* "This policy shall not be assignable before or after loss, *without the consent of the company expressed by indorsement made thereon.*"

Wakefield and others vs. The Orient Ins. Co. of Hartford.

*Fifth.* "And in case of the commencement of proceedings for the foreclosure of a mortgage, by entry or otherwise, or the levy of an execution or attachment, or possession by another of the subject insured, *without the consent of this company indorsed hereon*, this insurance shall immediately cease."

These instances show very clearly that when the company stipulated that the policy should be void after the happening of certain things, unless the company consented to continue it, the fact that such consent must be obtained and indorsed upon the policy is clearly stated, and nothing is left to implication or for construction. If the company intended that non-occupation should avoid the policy unless the written consent of the company continuing the risk was obtained and indorsed thereon, it would have been an easy matter to have so expressly stated in the condition mentioned; and the fact that in all other like cases in the policy it is so expressly stated, is, to say the least, some evidence that such was not the intention of the company in this latter case. There is nothing in this policy which indicates to the insured that the policy would be void if the premises should at any time become vacant or unoccupied, except the condition above mentioned. The property insured is not described as an "occupied dwelling-house," but simply as a "dwelling-house." There is nothing, therefore, in the description which bound the insured to keep the premises occupied; and, as the condition mentioned only requires the insured to give immediate notice of non-occupancy, without declaring that such non-occupancy shall of itself avoid the policy, we think the court below properly held that the object of requiring such notice from the insured to the company was accomplished by the receipt of the notice itself. When the company has knowledge of the non-occupancy of the insured premises, it may then, in its discretion, terminate the policy; but, to do so, it must notify the insured that it has elected to terminate the same, and must then refund a just portion of the unearned premiums.

We approve of the views of the court in the case of *Boon v. Ætna Ins. Co.*, 40 Conn., 586, and consider them peculiarly applicable to the case presented by the appellant in this case. In that case the court say: "To this it should be added that it is the duty of an insurance company, seeking to limit the operation of its contract of insurance by special provisions or exceptions, to make such limitations in clear terms, and not leave the insured in a condition to be misled. The uncertainties arising from provisos, exceptions, qualifications and special conditions in or indorsed upon policies, have been often condemned; and such special modifications are justly characterized as traps to deceive and catch the unwary. An insured may be reasonably held entitled to rely on a construction favorable to himself, when the terms will rationally permit it." Interpreting this policy by the rule above stated, we think the learned circuit judge gave it its proper construction.

*By the Court.*— The judgment of the circuit court is affirmed.