H. W. LAMBERTON *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

August 17, 1888.

**Insurance — Condition in Policy — Stipulation against Waiver by Agent.**—A provision in a policy of insurance that "no officer, agent, or representative" of the insurance corporation should be held to have waived any of the conditions of the policy, unless such waiver should be indorsed thereon, *held* ineffectual to limit the legal capacity of the company to afterwards bind itself contrary to the conditions of the policy, by any agent acting within the scope of his general authority. The above provision not being a limitation upon the authority of any particular agent, or class of agents, but, in effect, upon the capacity of the corporation for future action, such a limitation cannot be imposed.

Appeal by defendant from an order of the district court for Winona county, *Start,* J., presiding, refusing a new trial.

*Lusk & Bunn,* for appellant, cited *Walsh* v. *Hartford Fire Ins. Co.,* 73 N. Y. 5; *Marvin* v. *Universal Life Ins. Co.,* 85 N. Y. 278; *Hankins* v. *Rockford Ins. Co.,* 70 Wis. 1; *Gladding* v. *California, etc., Ins. Ass'n,* 66 Cal. 6; *Kyte* v. *Commercial Union Assurance Co.,* 144 Mass. 43; *Merserau* v. *Phœnix Mut. Life Ins. Co.,* 66 N. Y. 274; *McIntyre* v. *Mich. State Ins. Co.,* 52 Mich. 188; *Cleaver* v. *Traders' Ins. Co.,* (Mich.) 32 N. W. Rep. 660; *Insurance Co.* v. *Wolff,* 95 U. S. 326; *Enos* v. *Sun Ins. Co.,* 67 Cal. 621; *McCormick* v. *Springfield F. & M. Ins. Co.,* 66 Cal. 361; *Meyers* v. *Germania Ins. Co.,* 27 La. An. 63; *Jewett* v. *Home Ins. Co.,* 29 Iowa, 562.

*Wm. Gale,* for respondent.

DICKINSON, J. The plaintiff recovered a verdict in this action upon a contract of fire insurance. This is an appeal from an order refusing a new trial. The construction and effect of the following provisions of the policy are to be considered: "If the premises hereby insured are or shall hereafter become vacated or unoccupied, and so remain for more than 10 days, * * * without notice to the company in each case, and consent indorsed hereon, * * * this policy shall be void. * * * This policy may be cancelled at any time at the request of the assured, the company retaining customary

v.39M—9

monthly short rates for the time the policy has been in force. It may also be cancelled at any time by the company, upon giving written or verbal notice to that effect, and refunding or tendering to the assured * * * a ratable proportion of the premium for the unexpired term of the policy. * * * *Limitations to Suits.* * * , And it is further expressly covenanted by the parties hereto that no officer, agent, or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing." Some months prior to the destruction of the premises by fire they became, and thereafter remained, vacant; the assured in the mean time endeavoring to secure a suitable tenant. The local agent of the defendant at Winona, where the property was situated, who had issued this policy, knew that the house was vacant during all of this time, and in negotiations with the assured upon this subject he treated the policy as still continuing in force; so that, if the defendant was bound by his acts in this particular, it would be estopped to claim that its liability had terminated. He did not, however, notify the company of the fact, nor was there any written consent that the policy should remain in force.

The question is thus presented whether the conduct of the agent affected and bound the company. The position taken on the part of the company is that the power of the agent to bind the principal in this particular was, by the clause found at the close of the foregoing extract from the policy, so restricted that he could only do this by a written consent indorsed on the policy; and that, the assured being thus advised of the restrictions upon the power of the agent, the action of the latter was ineffectual to bind the company.

It is an important consideration that this policy does not impose any restriction upon the power of any particular agent, or class of agents; nor does it limit the power of some agents by conferring authority exclusively upon others; nor does it prescribe the manner in which alone a particular agent or class of agents shall exercise their authority. We do not, therefore, express any opinion concerning the effect of such stipulations. The restriction here is so broad that it applies alike to every "officer, agent, or representative of this com-

pany;" and, as a corporation can only act through such agencies, the substance of the provision under consideration is that the company shall not be held to have waived any of the terms or conditions of the policy, unless its waiver be expressed by a written indorsement on the policy. That is to say, in other words, that one of the parties to a written contract, which is not required by law to be in writing, cannot, subsequent to the making of the contract, waive, by parol agreement, provisions which had been incorporated in the contract for his benefit. A contracting party cannot so tie his own hands, so restrict his own legal capacity for future action, that he has not the power, even with the assent of the other party, to bind or obligate himself by his further action or agreement contrary to the terms of the written contract. *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143. This is self-evident. The clause of this policy relied upon, as expressly restricting the power of the agent whose conduct is here in question, is of that character. If it is effectual at all as a limitation of the power of future action, it limits the power of every agent, officer, and representative of the company, and hence, practically, that of the corporation. It is no more applicable to this particular agent than to all of those to whom the conduct of the affairs of the corporation is committed. In that broad scope, and as applicable to all the representatives of the corporation, it cannot be enforced so as to render inoperative such subsequent action or agreement of corporate agents as would, if it were not for this clause in the contract, be deemed the effectual action or agreement of the corporation. A more restricted application of this clause, making it to refer to this particular agent, or to any particular class of agents or officers, cannot be made; nor can the clause in the former part of the above extract from the policy, as to the effect of vacancy "without notice to the company and consent indorsed hereon," be construed as a limitation upon the power of any particular agent or class of agents. If it applies to any agent or officer, it does to all; and if such a stipulation is not effectual to limit the legal capacity of the corporation as to its future action, it does not limit its capacity to act by its agents. The company, then, was legally capable, acting through its proper agents, of

waiving its right to treat the policy as of no further binding force by reason of the vacancy; and it could also waive compliance with that part of the same provision which related to the consent being indorsed on the policy. Confessedly, the agent whose conduct is in question, had authority to give such consent by indorsing the same upon the policy. When, in negotiating upon this subject with the assured, he did consent, as is established by the verdict of the jury, he was acting as the agent of the company. His action was the action of the company; and, the assured having been led to understand, as the agent seems to have done, that the contract should remain in force until further action should be taken, the company is now estopped, as by its own conduct, to claim the contrary. This conclusion finds sufficient support in the following decisions, and in others, although we are aware that there are decisions to the contrary. *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143; *Viele* v. *Germania Ins. Co.,* 26 Iowa, 9; *Young* v. *Hartford Fire Ins. Co.,* 45 Iowa, 377; *American Cent. Ins. Co.* v. *McCrea,* 8 Lea, 513; *Von Bories* v. *United, etc., Ins. Co.,* 8 Bush, 133; *Maryland Fire Ins. Co.* v. *Gusdorf,* 43 Md. 506; *Insurance Co.* v. *Norton,* 96 U. S. 234; *Stolle* v. *Ætna F. & M.Ins. Co.,* 10 W. Va. 546; *Carrugi* v. *Atlantic Fire Ins. Co.,* 40 Ga. 135; *Wakefield* v. *Orient Ins. Co.,* 50 Wis. 532, (7 N. W. Rep. 647;) *Whited* v. *Germania Fire Ins. Co.,* 76 N. Y. 415; *Morrison* v. *Insurance Co. of North America,* 69 Tex. 353, (6 S. W. Rep. 605.)

Order affirmed.