The Swedish American Insurance Company
v. K. J. Knutson.

No. 13,110. (72 Pac. 526.)

SYLLABUS BY THE COURT.

1. INSURANCE—*Conditions as to Additional Insurance Waived.* The provisions of an insurance policy issued by a mutual fire insurance company organized under the laws of this state, and of the by-laws of the company attached to such policy, to the effect that the procuring of additional insurance on the property covered shall render the policy void unless the written consent of the company be indorsed on the policy, are waived by the failure of the company either to cancel the policy or to indorse its consent within a reasonable time after notice to it of the additional insurance, and before loss occurs.

2. ——— *Practice, Supreme Court.* A judgment in favor of the assured in an action on a fire insurance policy will not be reversed

for the failure of the court to instruct the jury with reference to a provision of the policy, if the record fails to show affirmatively that such provision was brought to the attention of the court before the case was submitted.

Error from Saline district court; R. F. Thompson, judge.   Opinion filed May 9, 1903.   Affirmed.

*Grattan & Grattan*, for plaintiff in error.

*Z. C. Millikin*, for defendant in error.

The opinion of the court was delivered by

Burch, J. : A plaintiff brought suit on an insurance policy containing a provision that if the assured should have at the date of the policy, or should thereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property covered, or any part thereof, the policy should become void, unless consent to such additional insurance should be indorsed in writing by the company on the policy. It was issued by a mutual company, organized under the laws of this state, and the by-laws thereof attached to the policy contained the following provision :

"Property insured in this company shall not be insured in any other fire insurance company without the permission of the board of directors and it be so noted in the policy. Any violation of this rule shall render the policy null and void."

The company answered that these provisions of the policy and by-laws had been violated.. The plaintiff replied, admitting the additional insurance, and alleging as a waiver that due notice thereof had been given to the company, but that no objection to such additional insurance had been made, and no steps taken to cancel or terminate the policy by the company.   On the trial the plaintiff produced the testi-

mony of two witnesses to the effect that notice of the additional insurance had been given by a postal card, duly stamped, mailed, and directed to the defendant's secretary at his official post-office address. The secretary denied the receipt of this card. The court instructed the jury that if it should find from the evidence that after the additional insurance was obtained the plaintiff wrote and mailed the card, as claimed, then, in the absence of evidence to the contrary, it should be presumed the card was received by the defendant at its place of business. At the request of the defendant special questions were asked, and answers returned as follows :

"Did the plaintiff before the fire notify the defendant that he had taken out other insurance on the wheat? Ans. Yes.

"If you answer question 1 that plaintiff notified the defendant, what did the plaintiff do to notify the defendant? A. Sent postal card.

"Did the defendant ever receive the notice before the fire? A. Yes.

"If you answer that the defendant received the notice prior to the fire, state the name of the person who received it, and where it was received. A. Goodholm, secretary Swedish American Insurance Company, at Lindsborg, Kan."

The company claims that since the officer in charge of the company's business at Lindsborg, the place to which the card was addressed, testified that he did not receive it, there was evidence contradicting the receipt of the card, and the jury were not authorized to find that the card had reached its destination from presumption alone. However this may be, the jury were not left to rely on presumption. The secretary himself testified that he did have information that the additional insurance had been taken out. He gave

as the source of such information a certain letter which he produced, but ,the letter contained no reference to the matter of additional insurance, and nothing whatever from which any information relating thereto could, by any possibility, be derived. Therefore, the jury were authorized to find that the secretary had been notified in the manner claimed by the plaintiff from the testimony of these two men, without the aid of the presumption.

The company claims that, even though it received proper notice of the additional insurance, it did not indorse its consent thereto upon the policy, and hence that the policy was void. Some two months elapsed from the giving of the notice until the loss occurred. Upon receiving the notice the company had a right to take advantage of the provisions of its policy and by-laws. The provisions quoted therefrom were inserted for its sole benefit. When it assumed to remain passive the assured was deprived of any opportunity to protect himself if the policy were to be forfeited. The term "void," as used in the contract, is to be regarded as meaning that the insurer had, at its exclusive option, the right to treat the policy as a nullity. It was put to its election whether or not it would do so upon receipt of the notice, and having failed to act within a reasonable time, it is estopped to claim a forfeiture when it became to its advantage to do so, after loss had occurred. (*The Home Insurance Company of New York v. Marple*, 1 Ind. App. 411, 27 N. E. 633 ; *Phœnix Ins. Co. v. Holcombe*, 57 Neb. 622, 78 N. W. 300, 73 Am. St. Rep. 532 ; *Phœnix Ins. Co. v. Spiers & Thomas*, 87 Ky. 285, 8 S. W. 453 ; *Ins. Co. v. Lyons, Lindenthal & Co.*, 38 Tex. 253 : *Grubbs v. Insurance Company*, 108 N. C. 472, 13 S. E. 236, 23 Am. St. Rep. 62 ; *Pelkington et al. v. Nat'l Ins. Co.*, 55 Mo. 172 ; *Wilson to*

*Use, Appellant, v. Ins. Co.*, 174 Pa. St. 554, 34 Atl. 122; *Phœnix Ins. Co. v. Johnston*, 143 Ill. 106, 32 N. E. 429; *Orient Ins. Co. v. McKnight*, 197 id. 190, 64 N. E. 339; *Wakefield and others v. The Orient Ins. Co. of Hartford*, 50 Wis. 532, 7 N. W. 647.)

It is claimed, however, that because the company is organized on the mutual plan it is not estopped by the conduct of its officers. The better rule is that there is no distinction between mutual and stock companies in respect to the power of officers and agents to waive the provisions of their policies and by-laws. (*Pratt v. D. H. M. F. Ins. Co.*, 130 N. Y. 206, 29 N. E. 117; *Conductors' Benefit Ass. v. Tucker*, 157 Ill. 194, 42 N. E. 398; *Wilson to Use, Appellant, v. Ins. Co.*, 174 Pa. St. 554, 34 Atl. 122; *Susq. M. F. Ins. Co. v. Elkins*, 124 id. 484, 17 Atl. 24, 10 Am. St. Rep. 608; *Redstrake v. Cumberland Ins. Co.*, 44 N. J. L. 294; *Towle v. Insurance Co.*, 91 Mich. 219, 51 N. W. 987.)

The proof was ample that under the peculiar organization of the defendant company the secretary to whom the notice of additional insurance was mailed was so far entrusted with the management of its business that his conduct was binding upon it. The question of his authority was submitted to the jury, under a proper instruction, and the verdict thereon is conclusive.

The court instructed the jury that, should they find for the plaintiff, he was entitled to recover the full amount of the insurance on the property covered by the policy. The policy contained a provision that it should prorate with other insurance, and hence it is claimed the instruction given is erroneous. The answer was framed on the theory that the policy was utterly void, and neither disclosed the amount of the subsequent insurance nor asked that the policy in

suit prorate with it.   The reply admitting the subsequent insurance did not disclose the amount of it. It is true that on the trial the amount of the subsequent insurance was incidentally shown to be $1000, but to the end of the trial the theory of the defense, so far as the record discloses, was that there could be no recovery whatever.   The instructions asked by the defendant, and the special questions which it propounded to the jury, were framed on that theory.   No instruction or finding whatever was asked relating to the prorating of the two policies.   Hence the record utterly fails to show that the question now raised was brought to the attention of the court at any time during the progress of the trial.   The court was not bound to search some thirty-five provisions of the policy and by-laws printed in small type to find a provision beneficial to the defendant which was not referred to in the pleadings, and to which attention was not directed by a proper request for an instruction.   Failure to do so was not error.   And even though the matter may have been presented upon the motion for a new trial, that motion related merely to errors occurring at the trial, and hence the question was raised too late.

It is very earnestly contended that the court erred in submitting other questions of waiver to the jury and in its instructions relating to them.   Even if this be true, the judgment cannot be reversed on that account, since by the special findings of the jury one substantial ground of waiver was properly established, and that is sufficient to uphold the action of the trial court.

Other assignments of error are unsubstantial, and the judgment is affirmed.

All the Justices concurring.