# ALBERT H. WIELAND v. ST. LOUIS COUNTY FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

### July 2, 1920.

### No. 21,853.

**Mutual insurance company — prepayment of premiums waived.**

1. The evidence sustains the verdict to the effect that defendant waived prepayment of the premium when the application for insurance was made and accepted.

**Same — by-law.**

2. There being nothing in the statute or in the articles of incorporation forbidding a township mutual fire insurance company to extend credit to an applicant for insurance, or to waive prepayment of the premium, the officer of such company, having authority to accept insurance and issue policies, may, upon the receipt of an application for immediate insurance, agree to extend credit for the payment of the premium, or waive prepayment of the same, even though a by-law provides that insurance will take effect on the day when the application and undertaking is signed by the applicant, and the premium and fee paid to the director or authorized agent taking the application.

Action in the district court for St. Louis county to recover $1,800 on an insurance policy. Defendant's demurrer to the complaint on the ground that the facts stated did not constitute a cause of action was overruled. The case was tried before Fesler, J., who when plaintiff rested denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,872. Defendant's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Abbott, MacPherran, Gilbert & Doan,* for appellant.

*Crassweller & Crassweller,* for respondent.

HOLT, J.

The defendant, a township farmers mutual insurance company or-

[1]Reported in 178 N. W. 499.

ganized under the laws of this state, appeals from the judgment rendered in an action by plaintiff on an insurance contract.

The assignments of error question the sufficiency of the evidence to support the finding that prepayment of the premium was waived, and also challenge the power of defendant and its secretary to so do.

Plaintiff predicates his cause of action substantially upon these allegations: That on September 19, 1918, he applied to defendant for $1,800 insurance against loss and damage by fire on his house and barn located on an 80-acre tract in St. Louis county; that, in consideration of the promise of plaintiff to pay $30 within 30 days from said date, defendant insured the buildings mentioned and agreed to make and deliver a policy accordingly, and that it was expressly agreed that the insurance should begin to run from said September 19, 1918. It is alleged that the policy was issued. The buildings were destroyed by fire on October 12, 1918. The evidence shows that the policy, though made, never was delivered. It remained in defendant's custody. No premium was paid nor was payment tendered until the day after the fire. The tender was refused. So that, in fact, plaintiff's case rests on an oral contract of insurance for a premium promised to be paid, or else, considering the policy as issued, upon a waiver, of the prepayment of the premium.

Plaintiff's evidence is that on September 19, 1918, in defendant's office he executed a formal application for insurance containing, among other matters, this recital and agreement:

"And Whereas, the said company proposes in consideration of the foregoing applicant [application?], covenants and agreement, the statements hereon and herewith made, and the payment of $2.00 membership fee, and an advance assessment of $—— to issue their policy, subject to their by-laws and of number and date hereof.

"Know all men by these presents, that I, Albert H. Wieland of the town of Caussie, county of St. Louis and state of Minnesota, for and in consideration of a policy of insurance to me this day issued by the St. Louis County Farmers Mutual Fire Insurance Company of Duluth, Minn., do hereby bind myself, my heirs and assigns, unto the said company, that in case the said company accepts my application to become a member thereof, I will pay my pro rata share to the company, of all

loss and damage by fire or lightning, which may be sustained by any member thereof, agreeable to all assessments that may be legally made. It is understood that this obligation shall cease to be binding when all indebtedness of the company, at the expiration of the policy issued to me, shall have been paid.

"Dated, 12 o'clock noon, this 19th day of Sept. 1918.

"T. W. W. agent.                                        Albert H. Wieland."

Plaintiff, and another person who was with him when the application was executed, testified that T. W. Walker, defendant's secretary and agent, said that the advance premium, membership and survey fee, amounting to $30, could be paid within 30 days, and that plaintiff was insured from the moment the application was signed. This testimony is contradicted by defendant's witnesses, who claim that the insurance was only to take effect if one Webb saw fit to make a loan on the premises, and that Webb did not do so. But as corroborating plaintiff it was shown that upon defendant's books was an entry that the insurance took effect on September 19. And the next day, the twentieth, plaintiff procured from defendant's office a bill for the premium which he was to hand to the one who was expected to make the payment. And on September 28 defendant formally canceled the policy, but never advised plaintiff of the cancelation. It would seem unreasonable to cancel that which never was in effect. We think the jury could find either way upon the issue of waiver, and it is not for this court to disturb the verdict which has the approval of the court below in this respect.

The main contention is that it was not within the power of defendant or its agent to extend credit, or waive the prepayment of the premium. It is well known that fire insurance is often effected by parol, with the understanding that a policy will be issued and delivered in the near future, at which time the premium will be paid, or it may be agreed that the premium shall be paid at some future definite time.

Vance, Insurance, p. 178, states: "As a general rule, any agent having power to execute and issue contracts on behalf of the insurer has power to waive a condition of prepayment."

In Croft v. Hanover Fire Ins. Co. 40 W. Va. 508, 21 S. E. 854, 52 Am.

146 M.—17.

St. 902, the court said: "Insurance can be sold on credit as well as anything else. The agent can give credit."

In Firemen's Ins. Co. v. Kuessner, 164 Ill. 275, 45 N. E. 540, the court refers to the common business usage of making oral agreements for fire insurance covering the risk from the time of the application and the premium to be paid either at some future date or upon delivery of the policy, and states: "It is an oral contract. Though proposed in writing, the acceptance by parol and a promise to issue a policy thereon constitute an oral contract. Corporations authorized by their charters to make insurance and issue policies are not precluded from entering into parol contracts to effect the same object."

This defendant is a township mutual fire insurance company of this state. No prohibition against making an oral contract of insurance is found in its articles of incorporation, nor does the law under which it was organized forbid the making of such contracts, unless it is to be spelled out of sections 1658 and 1659, R. L. 1905 (the law in force when this company was organized, now consolidated into section 3400, G. S. 1913). We do not so construe the same for therein it is provided that "every application for insurance made to any authorized officer or agent, until refused by the proper officer, shall be of the same force and effect as a regularly issued policy and contract of insurance, and from the time of its receipt by an officer or agent, the property specified in such application shall be deemed insured in the same manner and to the same extent as if covered by a regular policy issued according to law and the regulations of the company; provided that there shall be no liability on such application against any company that has not at any annual or special meeting, by proper resolution, adopted the plan of making such applications of equal force and effect with regularly issued policies. Before the delivery of any policy the company shall collect regular cash premium and policy fee and take the written agreement of the insured of even date therewith, which shall be embodied in his application, to pay a pro rata share of losses or damages sustained by any member."

It seems plain that, if this company had availed itself of the proviso when plaintiff's application was received, he was insured. His agreement to pay a pro rata share of the loss was embodied in his applica-

WIELAND V. ST. LOUIS COUNTY F. M. F. INS. CO.      259

tion and it had been accepted by the secretary. The only thing remaining to be done was the payment of the premium, and, of course, the provision that the insurance becomes effective as soon as the application is received and accepted by an officer of the company, contemplates that the risk is covered before the policy issues, and payment need not necessarily be made until the policy is delivered. The prohibition in the last sentence of the section is only against delivery of the policy until payment is made. That this company sought to avail itself of the proviso contained in section 3400 is evident from its by-laws, reading: "Insurance will take effect on the day when the application and undertaking is signed by the applicant, and the premium and fees paid to the director, or authorized agent taking the application." It may be doubted whether defendant could limit the application of section 3400 by the last clause of the by-laws quoted. But it is not necessary to determine this, for we entertain no doubt that defendant could waive it. Section 1658, R. L. 1905, the same as section 3400, G. S. 1913, specifically authorizes the secretary of the company to accept all applications and sign and issue policies, agreeing in the name of the company to pay all losses. And the by-laws of this company also authorize the secretary to do whatever is needful to be done in effecting insurance. The records of the company also indicate that the practical construction placed by it and its managing officers upon the above by-law is that the payment of the premium is not a condition precedent to the taking effect of the insurance. Sometimes short time promissory notes are given instead of cash and at other times credit is extended for short periods.

We are aware that in some jurisdictions, notably Massachusetts, officers of mutual fire insurance companies are held to a stricter adherence to by-laws than the officers of the ordinary stock insurance companies. Buffum v. Fayette Mut. Fire Ins. Co. 3 Allen, 360; Mulrey v. Shawmut Mut. Fire Ins. Co. 4 Allen, 116, 81 Am. Dec. 689. See also Kocher v. Supreme Court Cath. Ben. Leg. 65 N. J. Law, 649, 48 Atl. 544, 52 L.R.A. 861, 86 Am. St. 687. But as stated in Vance, Insurance, p. 385: "This view, however, is rejected  *  *  *. by the great weight of authority in this country." Swedish Am. Ins. Co. v. Knutson, 67 Kan. 71, 72 Pac. 526, 100 Am. St. 387; McBryde v. So. Car. Mut. Ins. Co. 55

S. Car. 589, 33 S. E. 729, 74 Am. St. 769; Pratt v. Insurance Co. 130 N. Y. 206, 29 N. E. 117; Railway Passenger & Freight Conductors' Mut. Aid & B. Assn. v. Tucker, 157 Ill. 194, 42 N. E. 398, 44 N. E. 286; Towle v. Insurance Co. 91 Mich. 219, 51 N. W. 987; Susq. Mut. Fire Ins. Co. v. Elkins, 124 Pa. St. 484, 17 Atl. 24, 10 Am. St. 608; Morrison v. Wisconsin Odd Fellows' Mut. Life Ins. Co. 59 Wis. 162, 18 N. W. 13. And we think the question was settled in this state in Kausal v. Minn. Farmers' Mut. Fire Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776, where it is said: "It is true that, in the case of a mutual company, the insured becomes in theory a member of the company upon the issue of the policy. But in applying and contracting for insurance, the applicant and the company are as much two distinct persons as in the case of a stock company, and we see no reason for holding the agent who takes the application any less the agent of the insurer in the one case than the other. The membership does not begin until the policy is issued." A mutual life insurance company can waive a mere by-law. Wiberg v. Minn. S. R. Assn. 73 Minn. 297, 76 N. W. 37; Anderson v. Royal League, 130 Minn. 416, 153 N. W. 853, L.R.A. 1916B, 901, Ann. Cas. 1917C, 691.

We conclude that it was within the power of defendant to extend credit, or, which is the same thing, waive prepayment of the premium, and that the secretary's authority was coextensive with defendant's power in the matter of contracting for insurance.

Judgment is affirmed.