No. 32,957

F. O. MARTIN and LAURA E. MARTIN, *Appellees*, v. THE FARMERS ALLIANCE INSURANCE COMPANY, *Appellant*, and CINDA McNUTT, *Defendant*.

(59 P. 2d 25)

Opinion filed July 3, 1936.

*Otis S. Allen, George S. Allen* and *Raymond Briman,* all of Topeka, for the appellant.

*W. D. Atkinson,* of Parsons, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action on a fire-insurance policy. Judgment was for plaintiffs. Defendant appeals.

Defendant is a mutual fire-insurance society. The policy was issued to plaintiffs upon a house and outbuildings owned by them. During all the time with which we are concerned there was a mortgage on the property.

On March 27, 1934, a suit to foreclose that mortgage was begun. On December 22, 1934, the dwelling was destroyed by fire. One of the plaintiffs testified that as soon as he learned of the foreclosure he wrote a letter to defendant notifying it of that fact and stating that if defendant desired to cancel the policy on account of the foreclosure proceedings, to cancel the policy and notify plaintiff at once. He testified that he put a stamp on the letter and put it in the mailbox. Defendant's witnesses testified that this letter was never received. The trial court found that defendant received it, so we will treat the matter as though the letter was received by defendant. Nothing was done toward canceling the policy by the company until after the fire, when the company claims it first heard about the foreclosure.

Among other provisions the policy contained the following:

"This entire policy, unless otherwise provided by agreement endorsed thereon and added thereto by the secretary, shall be void if . . . with the knowledge of the insured foreclosure proceedings be commenced or if any change other than by death of the insured take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured or otherwise."

The defendant tendered to plaintiffs a draft for $17.90, being the amount of the unearned premium from the date upon which the foreclosure proceedings were started. The defendant advised plaintiff that it had canceled the policy as of the date of the foreclosure and that because of the commencement of the foreclosure action the policy became void.

Upon these facts the trial court held that when the insurance company, knowing of the foreclosure proceedings, failed to cancel the policy, or if it did cancel it failed to notify plaintiffs that it had done so and failed to tender a return of the unearned premium

within a reasonable time, it waived its rights under the bylaws of the company to declare the policy void and was estopped from denying liability on the policy on the ground of the commencement of foreclosure proceedings.

To sustain this position, plaintiff cites and relies on the rule laid down by this court in *Insurance Co. v. Knutson*, 67 Kan. 71, 72 Pac. 526. There this court said:

"The provisions of an insurance policy . . . that the procuring of additional insurance on the property covered shall render the policy void unless the written consent of the company be endorsed on the policy, are waived by the failure of the company either to cancel the policy or to endorse its consent within a reasonable time after a notice to it of the additional insurance, and before loss occurs."

It must be remembered that the above rule was announced as to stock companies. Defendant is a mutual company organized under R. S. 40-421 *et seq.* The rule is different as to such companies. The bylaws of the company are made a part of the policy by statute and the insured is bound by the bylaws. (See *Akers v. Farmers Alliance Ins. Co.*, 118 Kan. 241, 234 Pac. 956.) In that case the insured was not asked anything about whether the property covered by the policy was encumbered. A copy of the bylaws attached to the policy provided that in the absence of agreement the policy should be void if the subject of insurance were mortgaged. The property was mortgaged and there was no agreement endorsed on the policy. This court held the policy void, holding in effect that the result would have been different had the defendant not been a mutual company. This court again had a similar question presented to it in *Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768, 275 Pac. 214. In that case the insured gave correct answers to questions as to the property being unencumbered and as to additional insurance. The agent did not write down answers as the insured gave them but wrote down answers which permitted the policy to be issued. The insured signed the application without reading it. When the loss occurred the insured contended that the failure of the agent to put down the answers as the insured gave them was in legal effect the fault of the company. This court said that such was the rule as to stock companies but that the rule was different as to mutual companies. It was said:

"These companies are organized by property owners who desire mutually to insure the property of their members. Before a person can have his property insured by such a company he must become a member of it and join with

other members in their mutual obligations. In a sense he is both the insurer and the insured. The premiums paid by members constitute the fund from which losses and expenses are paid; the members share in the profits in proportion to their interest, and control and regulate the affairs of the company. (32 C. J. 1018.) The mutuality of obligation, of insurance, and of all the advantages, is the main and essential feature of such a company." (p. 770.)

In this case the bylaw attached to the policy which has been set out heretofore in this opinion provided that the policy should become void if foreclosure proceedings should be commenced. No action of the company was required to work this forfeiture. No officer of the company, not even the secretary, had authority to waive the provision of the bylaws. (See *Smith v. Miami Farmers Mutual Fire Ins. Co.*, 125 Kan. 10, 262 Pac. 552.)

The rule that the insured is bound by the bylaws that are a part of the policy and that no one has authority to waive these provisions is so well settled as not to require further citation of authorities. When the foreclosure proceedings were begun in this case the policy became void at that instant. The only way on earth for it not to become void was for an agreement to that effect to be endorsed on the policy in accordance with the provision quoted. This was not done.

The judgment of the trial court is reversed with directions to render judgment for the defendant.

DAWSON, J. (dissenting): In this case the mortgage company had received the insurance policy from defendant and retained it. Plaintiffs never saw it and were not apprised of its contents. Under those circumstances I think the trial court was justified in applying the rule announced in *Insurance Co. v. Knutson*, 67 Kan. 71, 72 Pac. 526, although its potency has been diminished by nice refinements and distinctions in our later decisions, none of which quite fits the case. I therefore dissent.

HARVEY, J. (dissenting): I agree with what Mr. Justice Dawson has said and wish to add: The opinion omits to mention material evidence which obviously influenced the trial court. Defendant's principal witness testified in brief that it was the practice of the company when it learned a foreclosure proceeding had been commenced to investigate the risk, and if it concluded it could carry the policy with reasonable safety, notwithstanding the foreclosure, it continued to do so; but if it concluded otherwise its practice was

to cancel the policy and return the unearned premium thereon. In this case the trial court found the company had notice of the foreclosure proceeding soon after it was commenced, and it is conceded there is substantial competent evidence to sustain that finding. The company, on receiving that information, did not cancel the policy or return the unearned premium. I think the court was justified in concluding, as the insured had, that the company thought it reasonably safe to carry the risk notwithstanding the foreclosure, and did so until after the fire occurred several months later. It then undertook to return the unearned premium from the date the foreclosure was commenced and to cancel the policy as of that date. Even a mutual company should not be permitted to retain unearned premium and carry the policy after receiving notice of the foreclosure for several months, until the fire occurs, and then cancel it as of the date the foreclosure was started.