FIREMEN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY, a
corporation, Appellant,

v.

William A. CRAIGIE and Bette P.
Craigie, Appellees.

No. 16805.

United States Court of Appeals
Eighth Circuit.

Feb. 6, 1962.

Jerome H. Torshen, Chicago, Ill., for appellant. John P. Gorman, Clausen, Hirsh, Miller & Gorman, Chicago, Ill.,

Frank X. Cronan, Carroll, Thorson, Anderson & Cronan, Minneapolis, Minn., were with him on the brief.

Kenneth W. Green, Minneapolis, Minn., for appellee. O'Connor, Green, Thomas & Walters, Minneapolis, Minn., were with him on the brief.

Before SANBORN, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by Firemen's Insurance Company of Newark, New Jersey (hereinafter called "Firemen's"), from a judgment of $96,500 and interest based upon a jury verdict in an action brought by William A. and Bette P. Craigie, as plaintiffs, upon a Minnesota fire insurance policy issued by Firemen's to them, effective December 22, 1959. The policy was procured for the plaintiffs by Wilbur E. Bennington, of Minneapolis, a licensed fire insurance agent, who had been requested in the early part of December, 1959, by William A. Craigie to obtain a fire insurance policy such as that in suit. Bennington solicited the Brandt Insurance Agency, of Minneapolis, an agent for Firemen's, to obtain the policy, and represented that the insurable value of the Craigies' dwelling was $85,000.

Firemen's issued the policy without making any examination or inspection of the insured property or any inquiry about the risk Firemen's was assuming. The policy covered the dwelling against loss by fire for $75,000, its contents for $30,000, and additional living expenses, due to a fire, for $15,000. The dwelling and its contents were completely destroyed by fire on December 24, 1959, two days after the effective date of the policy. Firemen's denied liability for the loss. The Craigies in their complaint demanded judgment for $120,000. Jurisdiction was based on diversity of citizenship.

Firemen's in its amended answer alleged that the plaintiffs had concealed and had misrepresented material facts

in the procurement of the policy, and had made false and fraudulent representations in their sworn proofs of loss to the effect (1) that they did not know the cause of the fire, (2) that there was no other insurance, and (3) that the loss of personal property was in excess of $35,-000. Firemen's alleged that the Craigies had deliberately set fire to and burned the insured dwelling and contents.

The controverted fact issues were submitted to the jury and resolved by it adversely to Firemen's.

After the trial, Firemen's made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Judge Devitt, before whom the case was tried, in denying Firemen's motion wrote a comprehensive opinion, reported in 191 F.Supp. 710, stating accurately, adequately and in much detail all of the essential facts, as well as the questions of law which were raised, and what he conceived to be the applicable Minnesota law. No useful purpose can be served by a mere repetition or restatement of what Judge Devitt has covered in his opinion.

The questions raised and argued on this appeal are: (1) whether the court erred in instructing the jury that Bennington, at whose solicitation the Brandt Insurance Agency procured the fire insurance policy in suit to be written, was to be regarded as the agent of Firemen's in connection with the issuance of the policy; and (2) whether the "court erred in receiving the second verdict of the jury and in refusing to grant a new trial in the light of the confused and confusing actions of the jury." Both of these questions were considered and ruled upon by Judge Devitt in his opinion. He held that Bennington, under applicable statutory Minnesota law, could not be found or held to be the agent of the Craigies.

The Minnesota "valued policy" statute, M.S.A. § 65.05, requires a fire insurance company, after examining a structure to be insured, to fix the insurable value and to state the amount of it in the policy,

and, "in the absence of intentional fraud on the part of the insured," to pay that amount in case of a total loss. That statute also provides: "Every person who solicits insurance and procures an application therefor shall be held to be the agent of the party afterward issuing insurance thereon or a renewal thereof." Judge Devitt held that the statute made Bennington the agent of Firemen's and that it "in effect requires fire insurance companies at their peril to check and inspect buildings and structures before issuing a policy." (Page 713 of 191 F. Supp.)

■ To the case of Dose v. Insurance Co. of State of Pennsylvania, 206 Minn. 114, 287 N.W. 866, cited and relied upon by Judge Devitt, there can be added the case of Nathan v. St. Paul Mutual Insurance Co., 243 Minn. 430, 432–437, 68 N.W.2d 385, 387–390, which indicates that, under the Minnesota "valued policy" statute, a fire insurance company is charged with knowledge of all matters material to the risk which are reasonably discoverable upon a proper examination of an insured structure. It seems apparent that a fire insurance company operating in Minnesota may not with impunity indulge in improvident underwriting.

■ There is nothing that indicates to our minds that there was either error or prejudice in the way Judge Devitt handled the problem created by the jury's first returning a verdict for $75,000, which he did not accept and which obviously could not legally have been sustained. The verdict included no award for the loss of the contents of the house, and nothing for added living expenses caused by the fire. The jury was not discharged. In sending the jurors out to deliberate further, Judge Devitt told them that, under the court's instructions, they could return either a verdict for Firemen's or a verdict for the plaintiffs, but that if they returned a verdict for the plaintiffs they must award them not only the $75,000 for the loss of their dwelling but also the reasonable value of its contents plus reasonable added liv-

ing expenses incurred. After further deliberation, the jury returned the verdict upon which the judgment appealed from was entered.

The reluctance of Firemen's to accept liability for the fire loss in suit is understandable. The fire bore the earmarks of being of incendiary origin. The house was unquestionably greatly over-insured. The controlling issues, however, were for the jury. If the verdict was erroneous, the error was one of fact attributable to the jury, and not an error of law committed by the court. See and compare, Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444.

The judgment appealed from is affirmed.