**BELLANCA AIRCRAFT CORPORATION, a Minnesota corporation,**
**Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, a California corporation,**
**Defendant.**

No. 3-72-Civ-24.

United States District Court,
D. Minnesota,
Third Division.

Feb. 9, 1973.

Cummins, Gislason, Sheahan, Joyce & McHaffie, Robert W. Gislason, St. Paul, Minn., for plaintiff.

Jesse & Cosgrove, Fabian A. Jesse, Minneapolis, Minn., for defendant.

## MEMORANDUM and ORDER

DEVITT, Chief Judge.

This is a suit for specific performance of an insurance contract and damages, including attorneys' fees. Three matters are at issue: (1) whether the insurance agent, R. J. Robertson, had authority to exclude the value of aircraft engines in storage in a separate warehouse from the monthly report of values required by the policy; (2) the date from which interest accrues on any additional sums which may be found due under the policy; and (3) the propriety of granting attorneys' fees in the absence of statutory authorization.

The facts have been stipulated and the matter has been submitted for resolution of these legal issues. The Court has jurisdiction under 28 U.S.C. § 1332, as this is a suit between citizens of diverse states, and the amount in controversy exceeds $10,000.

At all times material defendant had a fire insurance policy covering plaintiff. The policy afforded coverage in the amount of $366,000 on plaintiff's property at its Osceola, Wisconsin, manufacturing site. On March 11, 1971, plaintiff sustained a fire loss in the amount of $374,045 at its assembly plant. Plaintiff submitted a Sworn Statement in Proof of Loss in the sum of $366,000. Defendant made advance payments of $100,000 on April 8, 1971, and $195,738.-10 on September 23, 1971, and denied further liability, invoking a co-insurance or reporting form penalty for plaintiff's failure to report the value of certain aircraft engines in its Monthly Report of Values.

The parties agree that these engines come within the strict terms of the policy, and that absent any binding agreement to the contrary, they should have been included in the Monthly Report of Values. Plaintiff contends, however, that there was a binding agreement to the contrary. Defendant concedes that its agent, R. J. Robertson, and plaintiff orally agreed that the aircraft engines were not to be insured under the policy and were not to be included in the Monthly Report of Values; but it denies that Robertson had the power or authority to make such an agreement.

It appears that, by written contract with defendant, Robertson's authority was limited in such matters. But plaintiff was never apprised of this. Plaintiff relies on Robertson's apparent authority as agent for defendant. Plaintiff and Robertson reached this agreement because they were under the impression that the engines were insured under a policy owned by Avco-Lycoming Corporation and that plaintiff had no responsibility for them until they were transported to the main assembly plant for installation on an airplane.

The doctrine of apparent authority has long standing recognition in this state. As long ago as 1883, Mr. Justice Mitchell, speaking for the Minnesota Supreme Court, said:

"on principle, as well as from considerations of public policy, agents of insurance companies authorized to procure applications for insurance, and to forward them to the companies for acceptance, must be deemed the agents of the insurers and not of the insured in all that they do in preparing the applications, or in any representations they may make to the insured as to the character or effect of the statements therein contained." Kansel v. Minnesota Farmers' Mutual Fire Ins. Ass'n., 31 Minn. 17, 20, 16 N.W. 430 (1883).

The Court reaffirmed these principles in Morrison v. Swenson, 274 Minn. 127, 134, 142 N.W.2d 640, 645 (1966), stating, "these words are even more true today than when Mr. Justice Mitchell spoke them." In 1959 the Minnesota legislature adopted M.S.A. § 65.05 which provides in relevant part:

" * * * Every person who solicits insurance and procures an application therefor shall be held to be the agent of the party afterwards issuing insurance thereon or a renewal thereof."

The provision was re-enacted in 1967 and now appears in M.S.A. § 65A.14.

Other authority is overwhelmingly on plaintiff's side. Couch on Insurance 2d states at § 26.90:

"By the most liberal and probably the majority view, the insured is permitted to rely on the apparent authority of the insurer's agent, regardless of the presence in the policy of a limiting provision. * * * Under this rule if the insurer clothes its agent with an apparent authority greater than that permitted by the provisions of the policy, the agent may act within the scope of such apparent authority and the insurer is estopped from relying on the provisions of the policy."

See also Lamberton v. Connecticut Fire Ins. Co., 39 Minn. 129, 39 N.W. 76 (1888); English and American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla.Ct.App.1969); 3 Am.Jur.2d Agency §§ 73–82; 43 Am.Jur.2d Insurance §§ 1088–1089; Dun.Dig. (3rd Ed.) §§ 3185–3187, 4675–4676.

■ On the basis of this authority I find that plaintiff justifiably relied on Robertson's apparent authority as agent of defendant to exclude the value of aircraft engines in storage from the policy coverage and the Monthly Report of Values. I can see no reason for distinguishing the above-cited authority on the basis that plaintiff was a corporation and should have known of the limitations on Robertson's authority. Plaintiff and Robertson made a good faith effort to comply with the terms of the contract. Their oral agreement to exclude the engines is chargeable to defendant.

■ The second issue concerns the date from which interest on the additional amount owing accrues. The law is that interest accrues at the time that damages become liquidated. 47 C.J.S. Interest § 19a (1946). Plaintiff contends that the damages became liquidated on date he filed his original statement of fire loss, August 18, 1971, or, at the latest, 60 days thereafter, the date specified in the policy for payment of filed claims. Defendant contends that since there was no ascertainment of the loss until January 15, 1973, when the stipulation was signed, the loss remained unliquidated until January 15, 1973. Alternatively, defendant claims that plaintiff's filing of an amended proof of loss on December 21, 1971, evidenced uncertainty as to the amount of loss until that date; thus the loss remained unliquidated until then. Plaintiff counters by noting that at all times the claimed loss exceeded the amount of coverage; thus, the full amount of covered loss was liquidated as of the date of filing, or at the most, 60 days thereafter.

■■ This Court considered an identical clause in Craigie v. Fireman's Insurance Co., 191 F.Supp. 710, 715 (D. Minn.1961), aff'd, 298 F.2d 457 (8th Cir. 1962), and concluded that under Minnesota law allowance of interest from 60 days after plaintiffs submitted their proof of loss was appropriate. That the insurance company in *Craigie* denied all liability does not call for a different conclusion. Interest is a matter of right once a claim becomes liquidated. This claim, like that in *Craigie*, was payable 60 days after plaintiff submitted its proof of loss. The Policy so provides, Line 150, et seq.

Even if Wisconsin law applies to this policy, as defendant contends, the result is no different. In Wisconsin Screw Co. v. Fireman's Fund Insurance Co., 297 F.2d 697 (7th Cir. 1962), the Seventh Circuit disallowed interest where measurement of the loss was the subject of serious dispute. Here, however, liability for the loss, not the amount of the loss, was the focus of dispute. This brings the case within the exceptions listed in *Wisconsin Screw* where "the amount of the loss was not in dispute, only liability." 297 F.2d at 701.

■ The final issue concerns the propriety of granting attorneys' fees. There is no statutory authority or policy provision allowing for recovery of attor-

neys' fees in this case. And this is not a case where the insurance company has failed to defend against a third party. Only the insurance company and the insured were involved. Under these circumstances there is no basis for an award of legal fees. Nelson v. American Reliable Insurance Co., 286 Minn. 21, 174 N.W.2d 126 (1970); Dunnel Dig. (3rd Ed.) § 2523.

For the foregoing reasons I find that the co-insurance or reporting form penalty was inoperative as against plaintiff and that plaintiff is entitled to recover additional amounts under the policy at the stipulated amount, $70,261.90, plus interest from October 18, 1971. I further find that plaintiff is entitled to no attorneys' fees.

Let judgment be entered accordingly.